Delia Perrin HOWELL et al. and James
Robert Fisher, Appellants,

v.

Cleo Vivian WILSON et al., Appellees.

No. 5312.

Court of Civil Appeals of Texas.

El Paso.

March 18, 1959.

Rehearing Denied April 15, 1959.

Murray J. Howze, Monahans, for appellant Fisher.

Hackney & Crawford, Brownfield, for appellants Howell and others.

Thomas L. White, Monahans, for appellees.

Horace N. Burton and James M. O'Leary, Midland, for Sinclair Oil.

FRASER, Justice.

This is an appeal from a decision of the District Court of Ward County, Texas, wherein said court apportioned certain lands in Ward County among the various heirs of Mr. and Mrs. W. F. Perrin.

It appears that W. F. Perrin and a Mrs. Martha M. Garrett had at one time owned adjoining farms on tracts of land in the State of Oklahoma. These tracts were both traded, or disposed of, and the tract in question in Ward County, Texas was acquired in the name of W. F. Perrin. The record shows that the deed to the Ward County land was filed for record on May 13, 1912, and that Mrs. Garrett and W. F. Perrin were married May 17, 1912. One Robert Fisher initiated the suit, claiming title by limitation. The heirs of W. F. Perrin were made defendants, and heirs of Mrs. Garrett-Perrin intervened. The parties shall be referred to in this manner for the sake of clarity.

The court rendered his instructed verdict that Fisher had not shown himself entitled to title by limitation, and then proceeded to award the land to the intervenors and defendants. There were three descendants of Mrs. Garrett-Perrin, and the court awarded one-sixth to two of these descendants, herein, described as intervenors, but transferred the sixth that would ordinarily have gone to the other intervenor—a Mrs. Johnnie E. Perrin—to defendants Howell and Davis, so that defendants obtained four-sixths and the intervenors one-sixth each, with the exception of Mrs. Johnnie E. Perrin who received nothing.

We will take up first the disposition by the trial court of the claim of James Fisher. Without going into the evidence in detail, it is clearly evident that Fisher was unable to sustain the burden of one who claims under title by limitation. The evidence does not show that his possession was hostile and of such a nature as would entitle him to his claim of adverse possession. There was another reason why he could not succeed, and that was that he had been, for many years (1942–1952) the administrator of the estate of W. F. Perrin. It has long been settled that anyone occupying a fiduciary capacity, such as administrator, cannot maintain any title adverse to that of the estate. It is therefore abundantly clear that the court was correct in his decision in finding against James Fisher.

The main appellants here are the defendants, who were descendants of W. F. Perrin, and we will now take up their contentions. Appellants' first four points deal with the claims asserted by plaintiff Fisher, and support the court's action in denying Fisher's title of claim by limitations. However, their fourth point also complains of the court's failure to grant a summary judgment in their favor against the intervenors. We think this point must

be overruled, as there were many obvious matters of fact requiring disposition by a trial; thereby, of course, precluding the granting of a summary judgment by the trial court. Summary judgment is, by nature, a harsh remedy and must be carefully applied. The trial court, after two pre-trial conferences, apparently concluded —and we think correctly—that the situation did not warrant a summary judgment in favor of intervenors. The authorities cited by appellants merely point out situations where a summary judgment is permissible and justify the courts in those cases, but do not hold such to have been obligatory. We think there is no authority that would sustain the court had he granted a summary judgment here.

■ Appellants maintain that the court erred in refusing to grant judgment for them on the ground of limitation title in W. F. Perrin and his descendants, and because of laches and/or stale demand on the part of intervenors. The jury found that Mrs. Garrett-Perrin was the owner of an undivided one-half of the property, which ownership began in 1912. Mrs. Perrin died in 1924, and Mr. Perrin in 1942. Of course no limitations claim could begin to run before the death of Mrs. Perrin in 1924. We think the trial court was correct in holding, in compliance with the jury's findings, that the property was owned and held jointly by Mr. and Mrs. W. F. Perrin and, therefore, upon her death held by him jointly for himself and the heirs of Mrs. Garrett-Perrin.

■ There is no evidence here that this trust was ever repudiated except through a law suit filed by one of the intervenors, Mrs. Johnnie E. Perrin, in 1928. The jury's findings that all of the claims of limitation began in May 1912 are obviously useless to establish any claim, as Mrs. Perrin was not yet dead and was the wife of W. F. Perrin; and so there is no proper definite beginning date found by the jury that would establish the beginning of the running of any of the statutes of limitations.

■ With regard to the matter of laches or stale demand, intervenors answer that such would not begin, and could not begin, until the trust held by W. F. Perrin had been repudiated. We think the authorities sustain this view. Eaton v. Husted, 141 Tex. 349, 172 S.W.2d 493, at page 500; Condra v. Grogan Mfg. Co., 149 Tex. 380, 233 S.W.2d 565; Hitchcock v. Cassel, Tex. Civ.App., 275 S.W.2d 205. These cases establish that husband or wife cannot exclusively claim property during their marriage; that property held in trust remains so held unless repudiated by exclusive and adverse ·occupancy, notice of which has been brought home to other co-tenants, and that such adverse claim or its assertion must have been of such unequivocal notoriety as to charge the others with notice. This was not established. W. F. Perrin and his descendants were holding in trust for Mrs. Garrett-Perrin and her descendants fifty per cent of this property. This trust was never legally repudiated, and the matter of laches would not begin until such repudiation had occurred and been brought to the notice of those affected thereby. The absence of a proper starting point leaves the matter in question, because no legal period was found by the jury.

■ Appellants' seventh point insists that the court erred in refusing to admit into evidence some written interrogatories and their answers, made by W. F. Perrin in a prior case. We think the court's holding was correct, as the interrogatories in question were not only hearsay as to this case, but self-serving as to the appellant-defendants. The appellee-intervenors here apparently had no legal notice of this suit and, of course, had no opportunity at cross-examination. At the time W. F. Perrin made the deposition, he was involved in a controversy over this land, and the facts stated in the deposition were materially beneficial to his estate, and as such were

self-serving declarations. Long v. Knox, 155 Tex. 581, 291 S.W.2d 292.

Appellants' eighth point is overruled as, obviously, there were questions of fact raised that required jury findings.

Appellants' ninth point charges the court with error in refusing to grant appellants' motion for an instructed verdict. This point must also be overruled, because there was sufficient evidence to raise an issue of fact regarding the existence of a resulting trust, and it must be borne in mind that the jury did find that Mr. and Mrs. W. F. Perrin owned the land jointly, in equal parts. There was considerable documentary evidence to support the jury's findings, and we think there was sufficient evidence to sustain the jury's answer that Mrs. Garrett-Perrin and W. F. Perrin owned this property jointly, the share of each being fifty per cent, and, of course, justified the court in submitting such issues.

Summing up, the appellants maintain that the court erred in granting the two-sixths to the intervenors because they (the appellants) had established title by limitation, and intervenors were guilty of laches or stale demand. The overall analysis, however, shows that the jury failed to find a proper period for the limitations title to run, because the only starting time mentioned was at a time when Mrs. Garrett-Perrin had just married W. F. Perrin, and the jury had already found that at that time half of the property was legally hers. As stated above, the situation resulted in a trust, upon the death of Mrs. Perrin, in favor of her descendants. Such trust never having been properly repudiated, it remained in full force and effect. Appellants' points, therefore, are—with the exception of those applying to the judgment against Fisher—accordingly overruled.

The court instructed the jury to find in favor of appellee Sinclair Oil and Gas Company, holder of an oil and gas lease on the property, and we believe that the court was correct in so doing.

 Intervenor Mrs. Johnnie E. Perrin alleges error in the court's action in ruling out her claim as one of the descendants of Mrs. Garrett-Perrin. The record reveals that in 1928, this person, referred to as "Aunt Johnnie", filed suit through her husband against W. F. Perrin. The suit was contested, but never brought to a conclusion. She claims that she did not know much about it, and was never in the court house, but the suit having been filed in her name and resisted by W. F. Perrin, we think was such repudiation of the trust by him as to permit the beginning of the running of limitation against Mrs. Johnnie E. Perrin in favor of W. F. Perrin and his descendants. Appellees' point relative thereto, the same being appellees' twelfth point, is therefore overruled.

All points contrary thereto having been overruled, the judgment of the trial court is therefore affirmed.

LANGDON, C. J., not sitting.