**353 P.2d 909**

**Ada BRIDGE and Joseph L. Bridge, husband and wife, Plaintiffs and Appellants,**

**v.**

**LeGrand P. BACKMAN, Milton V. Backman and Harlan W. Clark, d/b/a Backman, Backman & Clark, Defendants and Respondents.**

**No. 9197.**

Supreme Court of Utah.

July 7, 1960.

2. 58–13a–2, U.C.A.1953.

3. State v. Aime, 62 Utah 476, 220 P. 704, 32 A.L.R. 375.

Glen Y. Richards, Salt Lake City, for appellants.

Romney & Nelson, Salt Lake City, for respondents.

WADE, Justice.

Plaintiffs, Mr. and Mrs. Bridge, appeal from a summary judgment dismissing their action against the law firm of Backman,

Backman & Clark for damages from that firm's failure to take an appeal from a trial court's decision that the will and codicils of Gail Swan, with separate bequests to Mrs. Bridge, Grant Macfarlane and Daniel Kostopulos were void for lack of testamentary capacity and that such legatees were guilty of fraud and undue influence. Macfarlane and Kostopulos each appealed and we reversed the findings of lack of testamentary capacity, but affirmed the finding that Macfarlane and Kostopulos used fraud and undue influence.[1] There we held that since Macfarlane drew the will as her attorney and confidential advisor, giving him a substantial bequest, there was a presumption of fraud and undue influence which shifted the burden of persuading the trial court that he did not overreach the testator. We further held that there was substantial evidence of fraud and undue influence by Kostopulos and also that he was Gail's confidential advisor.

A summary judgment is supported only by a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] In determining the sufficiency of such showing we must view the evidence and inferences therefrom in a light most favorable to the party against whom such judgment is sought. So, unless there is a showing that the disfavored parties cannot produce evidence which would reasonably support a finding in their favor on a material or determinative issue of fact, a summary judgment is erroneous.

This appeal presents three questions: (1) Is our decision in In re Swan's Estate res judicata of the issues in this case? (2) Do plaintiffs allege a valid agreement by defendants to perfect an appeal? (3) Did respondents show as a matter of law that plaintiffs could not have recovered had the appeal been perfected? We consider these points in the order above stated.

(1) The Swan's Estate decision is not res judicata of the issues here presented. The respondents' quotation from the Swan case that "the findings of the trial court must be affirmed," clearly meant only that the findings of fraud and undue influence against Macfarlane and Kostopulos must be affirmed. That opinion did not determine or even consider the validity of the bequest to Mrs. Bridge. There was no appeal on that question so we had no occasion to consider it, and we had no authority or jurisdiction to determine that question. Especially is this true since the determinative factors of whether the Bridge bequest was valid are different from such factors in the Macfarlane and Kostopulos bequests. The quoted statement was made while discussing

1. See In re Swan's Estate, 1956, 4 Utah 2d 277, 293 P.2d 682, 690.

2. See Utah Rules of Civil Procedure, Rule 56(c), 9 U.C.A. 1953; also annotation in pocket supplement to Rule 56(b) and (c).

the validity of the Macfarlane and Kostopulos bequests on the ground of fraud and undue influence. Prior to making that statement that opinion had expressly held that the trial court's finding that Gail lacked testamentary capacity could not be affirmed. A number of times in that opinion we expressly limited the affirmance of the trial court's findings to those dealing with the validity of the Macfarlane and Kostopulos bequests as affected by fraud and undue influence. Thus, in the last sentence of that opinion we remanded the case with directions "that the decision of the trial court be affirmed to the effect that the bequests to Macfarlane and Kostopulos are null and void for fraud and undue influence."

(2) Plaintiffs' complaint alleged a valid contract by the respondents to perfect an appeal from the trial court's decision in the Swan Estate will contest. The fact that there was no specific time for payment of the $100 costs of transcript on appeal, nor the fact that respondents agreed to a contingent fee of something less than one-third of the recovery would not invalidate a contract on the ground of uncertainty. Under the contract as alleged respondents agreed to take the appeal and such agreement as alleged was not based on any contingency that the payment of the amount of costs agreed upon must be first met or the fixing of a definite contingent fee. Under these circumstances a valid contract was alleged.

(3) To support a summary judgment under the third question above posed the respondents must show as a matter of law that, had the appeal been perfected, the trial court's finding that the Bridge bequest was void because procured by fraud and undue influence would have been affirmed. In this they have failed.

On the appeal from the Swan Estate case decision we reversed the trial court's findings that Gail lacked testamentary capacity. Such a finding, if not reversed, would nullify the entire will and both codicils. Under this reversal the Bridge bequest may have been valid unless procured by fraud or undue influence.

The only showing of fraud and undue influence in procuring the Bridge bequest or that it was made to a confidential advisor merely shows motive and the possibility or opportunity for exerting such fraud and undue influence. There was a showing of great friendship, frequent visits, the greeting of Gail by the Bridges by a hug and a kiss, playing of canasta both privately and in a club, and that Gail loaned the Bridges money which was partially paid by credits rather than by cash. There was a further showing that Gail was much older than the Bridges; that she was very liberal in making gifts to them and others who accepted her friendship. It was further shown that the Bridges were not present when the codicil which provided for the

Bridge bequest was made, and there is no evidence that it was ever discussed between them or that Gail sought or received their advice or approval of this bequest or that she ever consulted with them on her financial affairs or business dealings or that they ever gave her confidential advice of any nature. It is clear that respondents failed to make a showing as a matter of law that this bequest was procured by fraud and undue influence or that the Bridges were Gail's confidential advisors. Therefore, the respondents cannot rely on a presumption arising out of a confidential relationship. It is to be kept in mind that on this review of a summary judgment we have reviewed the claims in the light most favorable to the plaintiffs, and that by anything we have said we do not mean to preclude a trial of the issues (1) whether there was actually a contract to take an appeal, and (2) if so, whether the plaintiffs suffered damage from any failure so to do, which issues should be left for disposition on further proceedings. We conclude that the granting of the motion for summary judgment was error and that the issues of fact should be tried.

Judgment reversed with costs to appellants.

CROCKETT, C. J., and HENRIOD and CALLISTER, JJ., concur.

McDONOUGH, J., concurs in the result.