384 P.2d 396

Vern C. STRAND and Eleanor A. Strand, Plaintiffs and Appellants,

v.

Fred MAYNE and Detta Ann Mayne, Defendants and Respondents.

No. 9707.

Supreme Court of Utah.

Aug. 5, 1963.

George K. Fadel, Bountiful, for appellants.

Lewis J. Wallace, Robert E. Froerer, Ogden, for respondents.

WADE, Justice.

Vern C. and Eleanor A. Strand, plaintiffs, appeal from a summary judgment by the trial court in favor of Fred and Detta Ann Mayne, defendants and respondents in an action commenced by plaintiffs Strand to recover sums paid on the purchase price and expended for repairs for a motel which they were buying from the Maynes under a uniform real estate contract. The Maynes repossessed the motel from the occupants by an unlawful detainer action against persons who had possession under a purchaser of the Strands' interest when the Strands were in default in their payments on the contract of purchase from the Maynes. By this action the Strands seek to recover from the Maynes, claiming that the amount that the Maynes have realized from the Strands under this contract to purchase as liquidated damages on account of their default is a forfeiture penalty, that it is unconscionable and exorbitant and bears no relationship to the actual damages suffered by the Maynes from the failure of the Strands to fulfill their contract and that therefore they are entitled to a recovery.[1]

A summary judgment is a harsh remedy and should be granted only if from the pleadings, evidence, admissions and reasonable inferences therefrom, when viewed in the light most favorable to the loser it is evident beyond reasonable possibility that if given a trial he could not produce evidence to sustain a judgment more favorable to him. Thus clearly establishing that the winner is entitled to the judgment granted as a matter of law.[2]

On the foregoing basis, particularly the answers to interrogatories, the exhibits and the deposition of Vern C. Strand, we note the following facts: on April 1, 1955, the plaintiffs Strand purchased from the defendants Mayne a motel under a uniform real estate contract for $41,500.00, making a down payment of $7,578.00, and thereafter paid $7,528.00 principal and $4,156.00 interest, making a total of $19,262.00. The Strands also claim to have spent $9,500.00 in repairing the roofs and floors and finishing a couple of units and converting them into a restaurant. Thus, the total expenditures and payments claimed amount to $28,762.00.

The Strands admit the motel had a rental value of $450.00 per month and that 33 months elapsed before the Maynes retook possession. This would amount to $14,850.00. Plaintiffs Strand also concede that they contracted to sell the property which they purchased from the Maynes on March

1. Perkins v. Spencer, 121 Utah 468, 243 P. 2d 446.

2. Bullock v. Deseret Dodge Truck Center, Inc., 11 Utah 2d 1, 354 P.2d 559; Sams v. Eccles, 11 Utah 2d 289, 358 P.2d 344; also Utah Rules of Civil Procedure, Rule 56, Vol. 9, U.C.A.1953, and annotations.

20, 1957, for an agreed price of $63,000.00 under a separate uniform real estate contract to a couple named Watterson, who later assigned their interest to others. The defendants Mayne were never notified of this sale and the Strands continued to make the payments required by their contract with the Maynes until October, 1957, when they defaulted in their payments to the Maynes and also failed to pay the taxes and sidewalk assessments. In February, 1958, the Maynes repossessed the property under an unlawful detainer action against the occupants without notice to or making the Strands a party to that action. Prior to the commencement of this action the Strands notified the purchasers of their rights in the property and that such purchasers' interest therein was forfeited for failure to make the payments due under their contract of purchase.

The contract under which the Strands sold their interest in this property was introduced in evidence. Thereunder it appears that the Strands received as a down payment the equities in two pieces of property at a value of $13,162.00; plaintiffs Strand, however, claim that these properties were not worth that amount. Also the evidence indicates that plaintiffs Strand received $1,950.00 and $500.00 in cash, making a total of $15,615.00 to be credited on the purchase price to the Strands. Thus, the payments credited and the rental value of the motel property amounts to $30,462.00, which is $1,699.00 more than they have paid.

We find no basis in the evidence for a recovery by the Strands. This court has repeatedly recognized the right of parties to contract for the forfeiture of all payments made on a contract to purchase real property, as liquidated damages upon the purchaser's default in making the payments specified in the contract, and that such right should not be lightly interfered with by the courts.[3] As we said in Jacobson v. Swan,[4] "It is only when the forfeiture would be so grossly excessive as to be entirely disproportionate to any possible loss that might have been contemplated, so that to enforce it would shock the conscience, that a court of equity will refuse to enforce the provision."[5] Here the plaintiffs Strand have admitted the rental value of the motel during the time they were entitled to the possession thereof under the contract with the Maynes. They have allowed a credit to the purchaser of their interest in the motel property, and these two items together with the cash paid to them amount to more than the amount they have paid to the Maynes. This clearly shows that the amount they

---

3. Pearce v. Shurtz, 2 Utah 2d 124, 270 P.2d 442; Jacobson v. Swan, 3 Utah 2d 59, 278 P.2d 294; Peck v. Judd, 7 Utah 2d 420, 326 P.2d 712; Carlson v. Hamilton, 8 Utah 2d 272, 332 P.2d 989.

4. Jacobson v. Swan, note 3.
5. Perkins v. Spencer, note 1 and cases cited in note 3.

have lost under the forfeiture provision is not unconscionable or disproportionate to what the parties contemplated in making the contract.

Judgment affirmed. Costs to the defendants.

CROCKETT, J., concurs.

McDONOUGH, J., concurs in the result.

HENRIOD, Chief Justice (concurring in the result).

I concur in the result, but on the ground that Strands have misconceived their remedy. They sued on the basis of unjust enrichment. They base their action on *their own default,* the Maynes being ready to carry out *their* bargain. This writer knows of no equitable principle that, under such circumstances, would permit one to seek equity without doing it. Had Strands sought specific performance, tendering into court the amount of their delinquent payments, the cases cited in the main opinion *might* be apropos. This is not a case where a seller is seeking to forfeit out a necessitous buyer under a uniform real estate contract, but one where a buyer, showing nothing in the way of excuse for not carrying out his part of a contract, seeks to recover something from a seller willing to perform, on the inequitable basis of a conceded breach by the buyer without proffer of performance on his part and no showing of any reason why he shouldn't or couldn't carry out his written bond. It would be a mockery to give relief *at law* to such a defecting promisor, and a greater mockery *in equity,* to relieve the buyer of his sacred but broken promise, and then actually require a nondefaulting seller to return any part of the consideration for which he bargained and for which he was ready and willing to perform upon condition of performance by the other party to the contract. Such a conclusion would be such judicial paternalism,—wrong and unfair on its face and so inimical to centuries' old legal and equitable principles as would call for Hitlerian burning, not only of the books on the subject, but the pages in decisions and precedent applicable to such circumstances.

In this case it is unnecessary even to canvass the relative balance sheets of the parties, but the equities, which obviously are lopsided and unilateral in favor of him who is willing to perform as agreed and against him who not only has defaulted, but concedes that he never intends to carry out the promise inked by his signature.

CALLISTER, J., concurs in the concurring opinion of HENRIOD, C. J.