407 P.2d 141

**SECURITY TITLE COMPANY, a corporation as Trustee, and Prudential Federal Savings and Loan Association, a corporation, Plaintiffs and Respondents,**

v.

**PAYLESS BUILDERS SUPPLY, aka Payless Builders Supply Co., a Utah corporation, et al., Defendants and Appellants.**

No. 10269.

Supreme Court of Utah.

Nov. 1, 1965.

John Elwood Dennett, Salt Lake City, for defendants and appellants.

**180**

Earl P. Staten, Salt Lake City, for plaintiffs and respondents.

WADE, Justice:

The Security Title Company, as trustee, and the Prudential Federal Savings and Loan Association, plaintiffs and respondents herein, brought an action under the provisions of Sec. 57-1-23, U.C.A.1953, as amended, to foreclose in the manner provided for foreclosure of mortgages a trust deed given for the benefit of the Prudential Federal Savings and Loan Association, by the Payless Builders Supply to secure a debt evidenced by a promissory note for $27,500 of even date therewith signed by the Payless Builders Supply and Ellis J. and Eliza S. Robinson, defendants below and appellants herein. This appeal is from a summary judgment granting foreclosure upon oral motion of plaintiffs below at the conclusion of a pretrial hearing. This judgment determined that plaintiffs' lien was prior to all the other defendants' and respondents' liens.

There is no serious contention in this case by appellants that any of the payments provided for in the promissory note were paid as they became due or at any time. The note contained the provision that if there should be any default in payment of any installment due or breach of any undertaking contained in the trust deed given to secure the note, the holder of the note could elect to have the entire sum become due and collectible without any notice to the debtors. It also contained a provision that if it was found necessary to resort to court action, the trustor agreed to pay all costs and expenses involved in such proceeding as well as a reasonable attorneys fee.

Appellants seek a reversal of the judgment because the court granted the summary judgment without requiring plaintiffs-respondents to give the ten days written notice provided in Rule 56(c) U.R.C.P. From the record it appears that at the end of the pretrial hearing in which both parties participated, the court concluded that there was no material issue as to factual matters and that as a matter of law the plaintiffs-respondents were entitled to a judgment as prayed for in their complaint and invited the plaintiffs' attorney to move for a summary judgment. There being no true issue as to any factual matter, the court properly granted the judgment having determined that as a matter of law plaintiffs were entitled to such judgment. One of the purposes of the pretrial hearing is to reduce issues to a minimum and when it appears there are no true factual issues the matter resolves itself into a determination of questions of law which the trial court should resolve, and having done so, a summary judgment is proper even in

the absence of any further formal notice by the moving party.[1]

 Appellants also complain because the plaintiffs-respondents chose to foreclose the trust deed by court action rather than follow the statutory remedy provided for the liquidation of trust deeds and thereby obtained costs and attorneys fees far in excess of that provided for in that remedy.[2] We find no merit to such complaint. Under the provisions of Sec. 57–1–23, U.C.A. 1953, as amended, it is made optional with the beneficiary of the trust deed whether to foreclose the trust property after a breach of an obligation in a manner provided for foreclosure of mortgages or to have the trustee proceed under the power of sale provided therein. The court granted plaintiffs' attorneys the sum of $2500 after taking evidence as to the amount of work and time involved in these proceedings. This court cannot say that such fee was unreasonable.

Appellants make numerous other complaints as to the procedure followed by the court and although we have examined each carefully under the record we have before us, we can find no merit to any of them and feel that it would unnecessarily lengthen this opinion to no good purpose to discuss each separately. Suffice it to say that the result would not be changed even if error had been committed by the court in respect to those contentions, and we do not find that error was committed.

Affirmed. Costs to respondents.

HENRIOD, C. J., and McDONOUGH, CROCKETT and CALLISTER, JJ., concur.

---

1. Sheild v. Welch, 4 N.J. 563, 73 A.2d 536.

2. Sec. 57–1–31, U.C.A.1953, Replacement Volume.