[L. A. No. 28539.   In Bank.   Apr. 27, 1967.]

WILLIAM D. PETTIS, Plaintiff and Appellant, v. GENERAL TELEPHONE COMPANY OF CALIFORNIA et al., Defendants and Respondents.

Frank Heller, Ronald A. Hecker, Welch & Owen and Curt Owen for Plaintiff and Appellant.

John Ormasa, Robert Salter, W. H. Owens, Albert M. Hart, H. Ralph Snyder, Jr., and Donald J. Duckett for Defendants and Respondents.

Harry S. Fenton, Robert F. Carlson and James M. Moose, Jr., as Amici Curiae.

BURKE, J.—Plaintiff landowner appeals from a summary judgment in favor of defendants General Telephone Company and Southern California Gas Company on his fifth amended complaint to quiet title, for an injunction to compel removal of underground utility lines, and for damages for trespass. As will appear, we have concluded that upon the record presented the summary judgment was erroneously granted and should be reversed.

Plaintiff brought this action against his grantors, called the Bloom group, as well as against the two utility companies. In his complaint he alleges that the Bloom group sold and conveyed the property to him in 1959 for $28,500; that at some previous time the utility companies had constructed underground lines across the property and were now claiming subsurface land rights as well as the right of access from the surface of the property in order to maintain their buried lines; that the public records had not disclosed the claims of the utility companies, and that plaintiff had acquired the property without notice or knowledge of their claims. The utility companies successfully moved for summary judgment under section 437c of the Code of Civil Procedure, on the ground that the action was without merit as to them, and this appeal by plaintiff followed.

The matter to be determined by the trial court on such a motion is whether facts have been presented which give rise to a triable factual issue. The court may not pass upon the issue itself. Summary judgment is proper only if the affidavits in support of the moving party would be sufficient to sustain a judgment in his favor and his opponent does not by affidavit show facts sufficient to present a triable issue of fact. The affidavits of the moving party are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of summary judgment should be resolved against granting the motion. Such summary procedure is drastic and should be used with caution so that it does not become a substitute for the open trial method of determining facts. (*Stationers Corp.* v. *Dun & Bradstreet, Inc.* (1965) 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785], and cases there cited.)

So construing the affidavits with all intendments in favor of the party opposing the motion—here, plaintiff—it appears that during construction of the Santa Ana Freeway in 1953 the State of California requested the two defendant companies to reroute their existing facilities in the construction

area, and defendants did so pursuant to "Utility Encroachment Permits" which authorized them to bury their transmission lines under real property owned by the state. (Sts. & Hy. Code, § 670 et seq.) In 1957 the state sold as excess and conveyed by grant deed to plaintiff's grantors, the Bloom group, a portion of the property containing the buried utility lines, and in 1959 the Bloom group in turn sold and conveyed the property to plaintiff.

No reference to defendants' utility lines appeared in the deed from the state to the Bloom group, the deed from the Bloom group to plaintiff, or the title report upon which plaintiff relied in purchasing the property and which showed the easements and encumbrances of record against it. Plaintiff in his declaration states that after purchasing the property and receiving the deed to it he discovered for the first time that defendant companies claimed some interest or right in the property;[1] plaintiff notified defendants to remove their facilities, but instead they continue to come on the property without plaintiff's consent to service the lines; because of the location of defendants' facilities and their entry upon the land plaintiff is greatly limited in using and occupying it and is "completely unable to have constructed [thereon] any further constructions whatsoever."

In declarations submitted by the utility companies it is stated that they were not notified when the state conveyed the property to plaintiff's grantors in 1957, and that they must continue to maintain their utility lines in the location through plaintiff's property.

■ Liberally construing plaintiff's declaration (see fn. 1, *ante*) in his own favor, as required by the summary judgment rules, it is apparent that he raised at least one triable issue of fact; namely, whether he was a bona fide purchaser for value without prior notice or knowledge of defendants' claims of right to maintain their lines through his land and to come upon it to gain access to them. ■ If at trial he establishes his position as such, then his rights in the land must be deemed superior and prior to those claimed by defendant util-

---

[1] On the point of knowledge, the language of plaintiff's declaration is that after completing his purchase of the property plaintiff "discovered for the first time that [defendant telephone company] claimed some interest or right in the said real property.

"Subsequent to affiant's discovery of the location of the underground facilities of [defendant telephone company] affiant discovered that [defendant gas company] also had lines located in the subsurface of the said real property."

ity companies and he will be entitled to his remedy. (See Civ. Code, §§ 1214, 1215, 1217; *Jones* v. *Independent Title Co.* (1944) 23 Cal.2d 859, 861 [147 P.2d 542]; 2 Witkin, Summary of Cal. Law (7th ed. 1960) Real Property, § 74, p. 927; 50 Cal.Jur.2d 456 et seq.) Cases cited by defendants do not involve the rights of bona fide purchasers for value without notice, and need not be otherwise discussed or distinguished. In the only case cited which dealt with buried utility lines, the easement therefor was expressly reserved in recorded documents. (See *Athenian Realty Corp.* v. *Southwestern Bell Tel. Co.* (1964) 236 F. Supp. 537.)

Defendants urge that plaintiff is not entitled to injunctive relief or to quiet title against them, because his property has been put to a public use and the public interest has intervened. If at trial defendants establish the necessity of maintaining their utility lines through plaintiff's property,[2] then plaintiff will be relegated to the remedy of damages as in inverse condemnation. (See *Loma Portal Civic Club* v. *American Airlines, Inc.* (1964) 61 Cal.2d 582, 588-589 [39 Cal. Rptr. 708, 394 P.2d 548]; *Highland Realty Co.* v. *City of San Rafael* (1956) 46 Cal.2d 669, 682 [298 P.2d 15]; *Frustuck* v. *City of Fairfax* (1963) 212 Cal.App.2d 345, 364-365, 370-371 [28 Cal.Rptr. 357].)

The summary judgment against plaintiff is reversed.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.

[2] In this connection it is noted that one of the terms and conditions of the Utility Encroachment Permits pursuant to which the lines were installed is: "2. REVOCATION. These terms and conditions and any Encroachment Permits issued hereunder are revocable or subject to modification or abrogation at any time . . . ."