Charles MOOSER and Margaret Mooser, Appellants,

v.

W. T. MASON, d/b/a Mason Realty Company, Appellee.

Court of Appeals of Kentucky.

June 16, 1967.

Charles B. Zirkle, William J. Francis, Louisville, for appellants.

Roger L. Wiedeback, Louisville, for appellee.

EDWARD P. HILL, Judge.

A summary judgment for $6,056.39 was entered for plaintiff, now appellee Mason, in his suit against appellants for 5 percent commission on a build and lease arrangement on property of appellants located on Preston Highway in Louisville, Kentucky. This appeal followed.

Appellants contend there were genuine issues of material facts in issue and that summary judgment was inappropriate.

By the terms of the contract appellee agreed:

(1) "To negotiate and secure a leasehold arrangement with Burger Queen of Louisville, Inc.

(2) "To obtain financing of improvements to be placed on tract pursuant to proposed lease.

(3) "To generally supervise for the second parties the construction of improvements as required by the lease * * *."

Appellee admittedly performed the first obligation of the above contract. He contends he also performed the second and third obligations in the manner contemplated by the contract, but appellants vigorously deny he did so. Herein arises the controversy.

The main storm of controversy rages around the issue as to the amount of financing appellee agreed to "obtain" and the extent of his duty to "obtain" financing. Appellants charge in their counterclaim that appellee failed to "generally supervise" the construction of improvements, but this issue occupies a minor place in the arguments. The counterclaim was dismissed by the judgment.

Appellants argue $62,226 was required for the improvements, which amount included the cost of filling the lot. Appellee counters by saying the cost of the improvements was only $48,870, that he "obtained" a loan of $38,200 and was instrumental in obtaining another net loan of $12,500, making a total more than sufficient to cover the cost of improvements.

The evidence does not disclose the amount of the cost of filling the lot. Other property of appellants was also filled under the same contract, and the amount attributable to the lot in question is not clear.

The trial court concluded it had "no cup by which to measure the amount of aid he (appellee) should have given, because the contract is not definite on that point." We find there is nothing indefinite in the phrase, "to obtain financing of improvements." The contract does not require appellee to try, to do his best, or to exert reasonable efforts to obtain financing. It simply obligates appellee to "obtain" financing. Of course, the amount of financing is not stated in the contract for the simple reason the parties did not then know the amount necessary for improvements. This obviously is a question of proof.

The procedure for summary judgment under CR 56.01 is a handy tool for the bench and bar alike, but the procedure is a drastic one and should not be invoked where a genuine issue of a material fact is involved. Cf. Conley v. Hall, Ky., 395 S. W.2d 575 (1965).

In Robert Simmons Construction Company v. Powers Regulator Company, Ky., 390 S.W.2d 901, 905 (1965), this court thus summarized the law pertaining to summary judgment:

"Since the burden of establishing the nonexistence of any genuine issue of material fact is on the moving party, for the purposes of the motion all doubts are to be resolved against him. Rowland v. Miller's Adm'r, Ky., 307 S.W.2d 3, 6,. (1956); Clay, Kentucky Practice, CR 56.-03, Note 5 (Vol. 7, p. 165). Ordinarily, summary judgment is proper when it is manifest that the opposing party could not strengthen his case at trial and the

moving party would be entitled ultimately and inevitably to a directed verdict. Adkins v. Greyhound Corporation, Ky., 357 S.W.2d 860, 862 (1962). There may be instances in which the opposing party, if he has countervailing evidence, cannot hold it back unil trial—for example, if it consists of information to which he alone has access. See Moore's Federal Practice, R. 56, § 56.15[5] (Vol. 6, p. 2144 et seq.). But that situation cannot arise unless and until the moving party has properly shouldered the initial burden of establishing the apparent non-existence of any issue of material fact. Id., p. 2153. It is clear that one party cannot compel the other to try his case on a motion for summary judgment. Clay, Kentucky Practice, CR 56.03, Note 5 (Vol. 6, p. 166); Payne v. Chenault, Ky., 343 S.W. 2d 129, 132–133 (1960)."

█ It is concluded there were genuine issues of material facts raised in the pleadings and that appellants were entitled to a jury trial on those issues.

The judgment is reversed for proceedings consistent with this opinion.

All concur.