493 P.2d 299

**Jerry SINE and Dora Sine, a partnership, dba Jerry Sine Investments, Plaintiff and Appellant,**

v.

**W. W. RUDY, Defendant and Respondent.**

**No. 11977.**

Supreme Court of Utah.

Jan. 25, 1972.

Ronald C. Barker, Salt Lake City, for plaintiff and appellant.

Homer F. Wilkinson, Salt Lake City, for defendant and respondent.

HENRIOD, Justice:

Appeal from a judgment of no cause of action as to both a complaint and counter-claim in an action seeking alleged unpaid rentals. Affirmed, with no costs awarded.

In a rather loose and unorthodox trans-action in which neither the lessee nor the lessor was represented by counsel, the latter became the scrivener of a form lease in which a piece of property described only as "N.E. corner of 5th West and North Temple" in Salt Lake City, Utah, purportedly was leased (for two years at $100 per month, $300 of which was paid) to defendant by "Jerry Sine Inv., by Wesley Sine." The lease was not signed by either of the partners named in the caption of the complaint, nor is the authority of Wesley Sine as agent or otherwise revealed in the record except that he said he was acting for his father, Jerry. No one seemed to care about, nor did anyone make a point of such queasy questions,—so neither do we.

The nub of this case is mistake, or possibly lack of consideration. The lease was for the rather dubious acreage in-volved in the "N.E. corner of 5th West and North Temple," but nonetheless was for the crystal clear and specific purpose of being "occupied as a used car lot *and for no other purpose whatever.*" These were the scrivener-lessor's words, for which he becomes accountable in case of doubt. The record reflects that the question of zoning came up in the conversa-tions and that Wesley said there had been a service station on the property and he

knew of no reason why a used car lot could not be operated there. Rudy, the lessee, had previously operated a used car lot directly across the street and less than a block east, without any zoning difficulty so far as this record is concerned. It is obvious that neither Wesley nor Rudy had any knowledge whatever of any zoning restrictions,—but there happened to be a restriction against used car lots at the "N.E. corner of 5th West and North Temple." Defendant Rudy spent better than $200 leveling the premises and put some cars and a sign therein, and then, on seeking a street number for the lot, learned for the first time of the restriction. On approaching Wesley about the matter, Wesley said that he was going to hold him to the contract, whereupon Wesley said that Rudy looked sad,—a probable understatement. Thereafter he abandoned his ill-acquired domain, never to return except to a nearby courthouse at the request of a badged deputy bearing words of greeting on papyrus.

■ The pleading in this matter is perhaps not as articulate as might have been, but we believe that they, together with some of the testimony, endowed the trial court with the Chancellor's vestments,—in which event we all know that Equity abhors purported purchases of pigs in pokes, as it does picking up pins.

■ We are in harmony with the trial court's conclusion that the mistake of the parties justifies a refusal to enforce this rather vaporous document titled "Indenture," and the circumstances surrounding it, and that defendant having had actual occupancy of the place for two or three months, during part of which time he had cars parked there, cannot complain very much about the demise of his counterclaim, which we are deigned to justify as we do in the interment of this whole case.

Plaintiff relied heavily on Young v. Texas Co., 8 Utah 2d 206, 331 P.2d 1099 (1958). We think that case not dispositive here, since both parties knew of the zoning restrictions, and one of them, as a term of the lease, agreed to obtain clearance thereof as part of the consideration,—quite dissimilar from the facts here.

For a more comprehensive analysis of the instant case, we commend a reading of the ably-written memorandum decision of the trial court in Civil Case 170530, District Court of Salt Lake County, Utah.

CALLISTER, C. J., and TUCKETT, ELLETT and CROCKETT, JJ., concur.