**M. Dale BURNINGHAM, Plaintiff and Appellant,**

v.

**Layton OTT et al., Defendants and Respondents.**

**No. 13522.**

Supreme Court of Utah.

July 29, 1974.

Bruce G. Cohne, Cohne, Mason & Klingle, Salt Lake City, for plaintiff and appellant.

James R. Brown, Jardine, Baldwin, Pruitt & Brown, Salt Lake City, for defendants and respondents.

ELLETT, Justice:

This is an appeal by plaintiff from a summary judgment in favor of defendant Ott of no cause of action in a suit sounding in fraud.

Plaintiff bought some stock in a corporation in which Ott was an officer. Both were good friends apparently, business-wise and religious-wise. Nonetheless, this affection one for the other ceased to exist when the plaintiff learned that the stock, which on its face was escrowed, did not appreciate in value as Ott had indicated it would. Plaintiff in his pleadings and brief urges a guaranty of profit irrespective of future developments.

The defendants answered, denying the fraud and claiming that the action is barred by any one and all of three limitation statutes.[1]

The only apparent question of fact developed by the pleadings and the discovery process is that after plaintiff signed a stock purchase agreement having a restricted sales condition provision written therein, and after plaintiff received notices of stockholders' meetings and statements of corporate operations, and after often contacting company representatives and its attorney, and after knowing or having the reasonable ability to discover any fraud, plaintiff was given some more shares of stock without consideration.

■ The additional stock given without consideration in no sense could have been construed as a modification of the written, specific contract of the stock purchase so as to toll the statutes of limitation.

The pleadings and the proof under the discovery process fail to show that there is any dispute of a material issue of fact.

■ Plaintiff says the case should be decided under the rules that (1) the evidence should be viewed in a light favorable to the plaintiff and (2) a summary judgment is a harsh rule. He is not correct in either claim. In summary judgments evidence is not to be viewed. The judgment can be given only in case there is no dispute on a material evidentiary matter. We do not see that it is a harsh rule to tell a party that he is or is not entitled to recover as a matter of law when the facts are not in dispute.

The dissent takes issue with the idea that it is not a harsh remedy for a court to grant a summary judgment and cites three cases by three separate justices of this court to the effect that a summary judgment is a harsh remedy. It could have cited twelve more by the author of the dissent[2] and nine by Justice Wade saying the same thing.[3] In three[4] of the cases by Justice Wade he in substance said:

Such showing must preclude all reasonable possibility that the loser could, if given a trial, produce evidence which would reasonably sustain a judgment in his favor.

■ Who knows what evidence a party might produce if given the opportunity? In the light of the modern practice under the Rules of Civil Procedure, a trial is not to be by ambush. Instead, the evidence upon which one relies for judgment can be, and should be, known to the opponent; and when all the evidence is known, if there is no dispute on any material issue of

1. Sec. 61-1-22(5), U.C.A.1953; 15 U.S. C.A. 77m; Sec. 78-12-26(3), U.C.A.1953.

2. Allen's Products Company v. Glover, 18 Utah 2d 9, 414 P.2d 93 (1966); Theros v. Metropolitan Life Insurance Company (dissenting opinion), 17 Utah 2d 205, 407 P.2d 685 (1965); Thompson v. Ford Motor Co., 16 Utah 2d 30, 395 P.2d 62 (1964); Kidman v. White, 14 Utah 2d 142, 378 P.2d 898 (1963); Samms v. Eccles, 11 Utah 2d 289, 358 P.2d 344 (1961); Henry v. Washiki Club Inc., 11 Utah 2d 138, 355 P.2d 973 (1960); Pender v. Alix (dissenting opinion), 11 Utah 2d 58, 354 P.2d 1066 (1960); Brandt v. Springville Banking Co., 10 Utah 2d 350, 353 P.2d 460 (1960); Richards v. Anderson, 9 Utah 2d 17, 337 P.2d 59 (1959); Auto Lease Company v. Central Mutual Insurance Co., 7 Utah 2d 336, 325 P.2d 264 (1958); Abdulkadir v. Western Pacific Railroad Co., 7 Utah 2d 53, 318 P.2d 339 (1957); Morris v. Farnsworth Motel, 123 Utah 289, 259 P.2d 297 (1953).

3. Security Title Co. v. Payless Builders Supply, 17 Utah 2d 179, 407 P.2d 141 (1965); Gillmor v. Carter, 15 Utah 2d 280, 391 P.2d 426 (1964); Frederick May & Co. v. Dunn, 13 Utah 2d 40, 368 P.2d 266 (1962); Green v. Garn, 11 Utah 2d 375, 359 P.2d 1050 (1961); Tanner v. Utah Poultry & Farmers Cooperative, 11 Utah 2d 353, 359 P.2d 18 (1961); Bullock v. Deseret Dodge Truck Center, Inc., 11 Utah 2d 1, 354 P.2d 559 (1960); Bridge v. Backman, 10 Utah 2d 366, 353 P.2d 909 (1960); In re Williams' Estates, 10 Utah 2d 83, 348 P.2d 683 (1960); Young v. Texas Co., 8 Utah 2d 206, 331 P.2d 1099 (1958).

4. Green v. Garn, 11 Utah 2d 375, 359 P.2d 1050 (1961); Bullock v. Deseret Dodge Truck Center, Inc., 11 Utah 2d 1, 354 P.2d 559 (1960); Frederick May & Co. v. Dunn, 13 Utah 2d 40, 368 P.2d 266 (1962).

fact, the rules provide that the court may apply the law and thus terminate the matter, thereby conserving the time of the court and avoiding expense to the state and to the litigants.

Gratuitous statements put in decisions to the effect that a summary judgment is a harsh remedy and should never be given if at trial a party might be able to produce evidence which would reasonably sustain a judgment in his favor, tends to cause trial judges to hesitate to grant motions for summary judgments in those cases where there are no disputed issues of material facts. The only harsh thing about summary judgments is for a trial judge to fail in his duty to apply the law and summarily decide a case when there is no disputed issues of material facts.

The judgment is affirmed with costs to the respondent.

CALLISTER, C. J., and TUCKETT, J., concur.

HENRIOD, Justice (concurring):

This seems to be a case where a friend of a friend, to recover money paid on a purchase having a citric result, deigns to devilize his erstwhile comrade,—which plaintiff urges may be compensable. But the pleadings and the proof under the discovery process fail to show an issue of fact, triable under any principle of preponderance of or clear and convincing proof of fraud.

Plaintiff says the case should be decided under the rules that: 1) the evidence should be viewed in a light favorable to the plaintiff; because 2) a summary judgment is a harsh rule.

This author wishes to state and emphasize that he does not ask or expect any concurrence to or advocacy by any of my colleagues to this pure dictum that as to 1) the rule enunciated by this court and elsewhere makes little logic since, if we must review the facts in a light more favorable to somebody or other, there must be an issue of fact that must be reviewed, and which, under a summary judgment contemplates no such issue since there is nothing to review because the pleadings and discovery process show this absence of a fact issue. It seems inconsistent under syllogistic reasoning that if there is no genuine issue of fact there is nothing which a court should weigh,—because there is nothing to weigh—in a light more, or most, or less favorable to anyone; and as to 2) that a summary judgment is a harsh remedy, the simple answer is that if it is an unfair rule to put into the advertised simple rules of procedure to expedite matters, eliminate harsh rules and provide for the common defense, it should be abolished. All of this has led to ten volumes of Barron & Holtzoff and about the same number of Moore's Federal Practice that try to explain these simple rules. The Field Code made much more sense.

The summary judgment in this case gropingly seems to follow the old practice of special and general demurrers,—and under that practice and the so-called "new" rules, the judgment in this case, makes pretty good judicial sense,—prompting me to concur in the opinion of the author of the main opinion. This, with a bit of tongue in cheek, since I concurred in some of the generalities cited in the main opinion anent "harshness" of summary judgments,—for which I am a supplicant for repentance. It is not a harsh rule, but perhaps a salutary one, if properly administered. The harshness of it simply lies in its occasional obvious abuse.

CROCKETT, Justice (concurring, but dissenting in part):

I concur in affirming the judgment of dismissal. But because I disagree with the comments made about summary judgment, I make these observations:

On a motion for summary judgment the trial court is called upon to rule whether, upon the basis of the pleadings, depositions, affidavits, answers and admissions (hereinafter called representational documents), there is any disputed material issue

of fact, which if resolved against the moving party, would prevent him from prevailing.

The authorities that have spoken on this subject have quite uniformly declared that to summarily rule against a party and turn him out of court without an opportunity to present his contentions and evidence is, as is variously stated, a harsh, extreme, severe or drastic measure, as will be seen by the authorities cited below. It is true that on such a motion the court does not judge the weight or credibility of evidence. But it does and should look at the pleadings and representational documents in the light favorable to the party moved against; and if in so doing there is any basis in the facts as he claims them to be, upon which he would be entitled to prevail, he should be given the opportunity of attempting to so prove them at a trial; and in case of doubt, it should be resolved in favor of the accomplishment of that purpose.

The founding fathers were fully aware that access to the courts for the settlement of controversies is essential to the peace and good order of society.

Section 11 of Article I, Utah Constitution, states:

Courts open—Redress of injuries.

All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, which shall be administered without denial or unnecessary delay; and no person shall be barred from prosecuting or defending before any tribunal in this State, by himself or counsel, any civil cause to which he is a party.

The carrying out of this constitutional assurance requires that any person who has, or thinks he has, a right to protect or a wrong to rectify, be entitled to go to court and air his grievance and have the difficulty resolved by the peaceable processes of justice. It is for this reason that the authorities have so uniformly declared that summary judgments should be invoked with caution and restraint, and only when the court can conclude with assurance that even if the facts were proved as the party claims, the law would afford him no remedy. [1]

This court has in several unanimous decisions declared the law as stated above:

By Justice Wade in the case of Strand et al. v. Mayne et al.: [2]

A summary judgment is a *harsh remedy* and should be granted only if from the pleadings, evidence, admissions and reasonable inferences therefrom, *when viewed in the light most favorable to the loser* it is evident beyond reasonable possibility that if given a trial he could not produce evidence to sustain a judgment . . ..

By Justice Callister in the case of Controlled Receivables, Inc. v. Harman et al.: [3]

A motion for summary judgment is *a harsh measure,* and for this reason *plaintiff's contentions must be considered in a light most to his advantage and all doubts resolved in favor of permitting him to go to trial;* and only if when the whole matter is so viewed, he could, nevertheless, establish no right to recovery, should the motion be granted.

Justice McDonough in the case of Welchman et al. v. Wood et al.: [4]

Summary judgment is *a drastic remedy* and the courts should be reluctant to deprive litigants of an opportunity to fully present their contentions upon a trial. It should be granted only when under the facts viewed in the light most

---

1. I do not question the value and usefulness of summary judgments to avoid extended and expensive trial proceedings when it clearly appears that even if a party proves all he contends, the law would afford him no relief, see Zampos v. United States Smelting, Ref. & Min. Co. (10 Cir.), 206 F.2d 171; Brandt

v. Springville Banking Co., 10 Utah 2d 350, 353 P.2d 460.

2. 14 Utah 2d 355, 384 P.2d 396.

3. 17 Utah 2d 420, 413 P.2d 807.

4. 9 Utah 2d 25, 337 P.2d 410.

favorable to the plaintiff he could not recover as a matter of law.

Similarly, in the case of King Bros., Inc. v. Utah Dry Kiln Co.,[5] this writer, supported by a unanimous court, stated:

> From the standpoint of the administration of justice it is wise and desirable to adhere to a policy of *being reluctant to turn a party out of court without trial.* It can justifiably be done only if the party could not in any event establish a right to recover.

In other jurisdictions having the summary judgment rule the view that its application amounts to a harsh or severe remedy against the loser is practically universal.

In the case of R. D. Reeder Lathing Co. v. Allen,[6] the Supreme Court of California stated:

> Such *summary procedure is drastic* and should be used with caution so that it does not become a substitute for trial.

This thesis is supported invariably by other California cases too numerous to burden this page with.[7]

There is an abundance of authority from other jurisdictions to the same effect, which point out the essentiality of allowing a trial unless the matter is free from doubt, and which use the term "drastic remedy." In Primock v. Hamilton,[8] the Colorado court said:

> A summary judgment . . . is *a drastic remedy* and is never warranted except on a clear showing that there is no genuine issue as to any material fact.

The words "drastic remedy" are also used in numerous other jurisdictions. For the sake of brevity, we cite only one case for each: New Mexico: Zengerle v. Commonwealth Ins. Co. of N. Y., 60 N.M. 380, 291 P.2d 1099; Nevada: Pine v. Leavitt, 84 Nev. 507, 445 P.2d 942; Florida: Seven-Up Bottling Co. of Miami v. George Const.

Corp., App., 166 So.2d 155; Illinois: Brooks v. Dean Berenz Asphalt Co., 83 Ill.App.2d 258, 227 N.E.2d 100; Kentucky: Mooser v. Mason Realty Co., 416 S.W.2d 355; Missouri: Pitman Mfg. Co. v. Centropolis Transfer Co., 461 S.W.2d 866; New York: Horn v. Ketchum, 225 N.Y.S. 2d 571; Rhode Island: Mill Factors Corp. v. L. S. Bldg. Supplies, Inc., 103 R.I. 675, 240 A.2d 720; Texas: Howell v. Wilson, 323 S.W.2d 61; Wisconsin: Seventeen Seventy-Six Peachtree Corp. v. Miller, 41 Wis.2d 410, 164 N.W.2d 278.

Based on parallel reasoning, but in slightly different language, other jurisdictions refer to summary judgment as an "extreme remedy": Arkansas: Deltic Farm & Timber Co. v. Manning, 329 Ark. 264, 389 S.W.2d 435; Georgia: Watkins v. Nationwide Mut. Fire Ins. Co., 113 Ga. App. 801, 149 S.E.2d 749; Kansas: Morris v. Atchison, T. & S. F. Ry. Co., 198 Kan. 147, 422 P.2d 920; Nebraska: Storz Brewing Co. v. Kuester, 178 Neb. 135, 132 N. W.2d 341, 21 A.L.R.3d 476.

Respected texts on the subject are also in accord with the idea that summary judgment is a drastic remedy. See 73 Am.Jur.2d 722, which states:

> The practical result of applying the summary judgment remedy is to deprive the party against whom judgment is granted of a trial in the usual course, and consequently it is often pointed out that the *remedy is a drastic one* which should be used with great caution and only in those cases where the justice of its application is unusually clear. See also 8 A.L.R.3d 1361.

To the same effect is the treatment of Rule 56, in Volume 3 of Barron and Holtzoff's Federal Practice and Procedure:

> . . . and since (summary judgment) provides *a somewhat drastic reme-*

---

5. 13 Utah 2d 339, 374 P.2d 254, 256.

6. 66 Cal.2d 373, 57 Cal.Rptr. 841, 425 P.2d 785.

7. E. g., Rowland v. Christian, 69 Cal.2d 108, 70 Cal.Rptr. 97, 447 P.2d 561, 32 A.L.R.3d 496; Pettis v. General Telephone Co. of Cal., 66 Cal.2d 503, 58 Cal.Rptr. 316, 426 P.2d 884, 886; Parker v. Twentieth Century-Fox Film Corp., 3 Cal.3d 176, 89 Cal.Rptr. 737, 474 P.2d 689, 44 A.L.R.3d 615.

8. 168 Colo. 524, 452 P.2d 375.

*dy* it must be used with a due regard for its purposes, and a cautious observance of its requirements in order that no person will be deprived of a trial of disputed factual issues. At p. 103, Section 1231.

Also recognizing the severe consequences attending the granting of summary judgments, Professor Moore advises that they should be used with temperance and caution. 6 Moore's Federal Practice, Para. 56.15 [1.–10], at p. 2312.

When in commenting on this dissent, the main opinion's author talks about "gratuitous statements" put in opinions concerning summary judgments, it is suggested that he reflect upon the instant case. There is no disagreement herein among the justices as to affirming the no cause of action ruling on summary judgment. Consequently, it seems to me that the comments in the opinion about the character of the rule do not touch upon any controversial issue herein; and that they therefore are unnecessary and "gratuitous." The suggestion as to additional authorities that could have been cited supporting my position is apprecitated: those I did cite were admittedly cited sparingly to avoid needless proliferation so often done in law books. If the desire is to extend citations against the position stated in the main opinion, there could have been included literally a multitude of cases from the jurisdictions cited, and the two most eminent and well-recognized authorities on the subject, all of which are unanimous in affirming the position I have stated. And significantly, there is cited no authority to the contrary.

It is my opinion that the law is correctly stated in our prior decisions, and other respected authorities cited. Therefore I do not concur with the comments made in the main opinion concerning summary judgments. (All emphasis added.)