**Jo Anne TRONE, Individually and as guardian ad litem for the Plaintiff children, Robert Trone, a minor child, et al., Plaintiffs and Appellants,**

Clutch Exchange, Inc., a corporation, Intervening Plaintiff,

v.

**PACIFIC WHOLESALE SUPPLY CO., a sole proprietorship, et al., Defendants and Respondents.**

No. 13810.

Supreme Court of Utah.

April 28, 1975.

Gifford W. Price, Callister, Greene & Nebeker, Steven H. Stewart, Pearce, Thorn, Young & Stewart, Salt Lake City, for Trone.

Tim Dalton Dunn, Salt Lake City, for Clutch Exchange.

Merlin R. Lybbert, Elliott J. Williams, of Worsley, Snow & Christensen, Salt Lake City, for Road Commission.

Alfred C. VanWagenen, Clearfield, for Pacific Wholesale and Stringham.

HENRIOD, Chief Justice:

Appeal from a summary judgment in favor of the defendant Road Commission only. Affirmed with no costs awarded.

Under the discovery process, we believe a fair abstract of the record here shows that the deceased, Robert Trone, was killed shortly after dark, on a Utah state highway, when the truck he was driving south collided broadside with a large box-type diesel truck that was astraddle both lanes of the road at right angle to the Trone vehicle. The force of the collision was such

2. Foster v. Blake Heights Corp., Utah, 530 P.2d 815; and see Annot. 4 A.L.R.3d 224, 12 C.J.S. Brokers § 137, p. 347.

that the latter broke through the side of the loaded diesel and became impacted therein.

Shortly before the incident, defendant George Stringham, driver of the diesel, had been parked for refueling at a Husky gas station, which was situate south of a cafe, on the east side of the highway. There were other trucks parked on both sides of, but off the highway,—which nonetheless because of their parked position made it quite difficult for Stringham to maneuver the diesel in order to make a right turn for the purpose of going north on the highway, without using all or part of both lanes, in a jackknife fashion. With his headlights, blinker and clearance lights on, Stringham started to make the turn around the left of a parked truck, after some highway traffic had cleared, and in doing so, by misjudgment or negligence, caused the left wheel of the diesel to fall off the highway on the west side, requiring a back-up operation, all of which took about a minute, when the collision took place. In shifting gears, Stringham saw Trone's truck about a mile north, when it moved over into the northbound lane and hit the diesel broadside.

Appellant points out in her brief some statements by Stringham, that at night it would be difficult to see the truck astraddle the highway because of visibility and because of the parked cars, one pulling across the highway could create a confusing situation—(which seems to be a matter of negligence on the part of the drivers). Also, that a State Road employee was aware of the parking problem and congestion, and knew of an isolated accident in the area occurring once before, (all of which seems not to be probative in this case, since there are a multitude of such circumstances at cafes and service stations on the safest and best marked highways everywhere).

There are other references to hearsay, opinion and speculation that we think do not support the conclusions of the appellant here, and that we believe unnecessary to recite under the circumstances of this case.

Appellants' Point III of this appeal is a conclusion to the effect that:

The State Road Commission is liable for failure in its duty to warn of a dangerous condition, to reduce the speed limit or to restrict parking and remedy the condition, and such liability is not barred by a defense of sovereign immunity.

This is a conclusion with which we need not quarrel, as are numerous other points in the brief, but it and they assume that the facts developed by the discovery process here, support such conclusions or are controversial or disputatious enough as to precipitate jury deliberation,—with which we disagree.

Point I of plaintiffs' brief says that under summary judgment the *controverted* facts should be found in favor of plaintiff. Though we think there was no factual dispute, this is a non sequitur, since, if there are controverted facts in issue, there is an issue that is genuine, and a motion for summary judgment should not be granted to anyone, but denied to everyone,[1] and such facts, no matter in whose favor a judge should like them to be, simply by virtue of such controversion, requires a trial or some procedure other than summary judgment[2] to ensue.

The point of collision here was on a heavily traveled highway. There is no evidence that this incident occurred as a result of failure of the Commission to post "No Parking" signs on the cafe's or service station's private premises, there is no evidence of any obstruction on the highway caused by the State, none that impelled Stringham to take unnecessary chances, none that the parked trucks were a contributing factor in a liability sense,— they being completely off the highway, on private property, all of which was usual for many years without serious con-

1. Burningham v. Ott, Utah, 525 P.2d 620 (1974).

2. Ibid.

sequence, none that Stringham could not have averted the collision by exercising due care, none that there was no adequate warning because of an unlighted truck, none except one isolated accident sometime before, none that indicated any kind of hazard save the misguided diesel, none that the Commission should have put up signs, reduced the speed limit, or that it unreasonably exercised its authorized statutory discretion under the facts of this case. Contrariwise, unless we indulge speculation or emotion based on unwarranted assumption of undemonstrated pertinent facts, we or the jury could arrive at no other conclusion than that indulged by the trial court. On the other hand, it would strain reason to conclude, under the facts of this case, that there was anything but one negligence,—that of Trone—or that of Stringham,—or a concurrence of both, which was the concurring or sole proximate cause of the incident here,—wholly divorced from State involvement. Those issues persist, perhaps, for a trial on the merits among the remaining litigants, since this appeal has to do only with liability as to the defendant Road Commission.

ELLETT, TUCKETT, CROCKETT and MAUGHAN, JJ., concur.