CRANSTON DRESSED MEAT CO., INC. *vs.* PACKERS OUTLET CO., INC., *et al.*

FEBRUARY 11, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

BAKER, J. This is an action of assumpsit brought against the Packers Outlet Co., Inc., and the Sagamore Market, Inc., two corporations, to recover the price of certain meats sold and delivered by the plaintiff to the first-named defendant. A justice of the Superior Court, hearing the case without a jury, gave decision for the plaintiff against both defendants; and the Sagamore Market, Inc., maintaining that the decision against it was erroneous and that certain evidence was improperly admitted over its objection, has prosecuted its bill of exceptions to this court.

In our view of the case, it is unnecessary to discuss all the questions raised by the parties. From the testimony it appears that the meat in question was ordered from the plaintiff by Packers Outlet Co., Inc., and delivered to the latter about March 14, 1934. At that time, Packers Outlet Co., Inc., was operating the meat department of the Big Chief Market in Providence. On March 15 or 16, 1934, Sagamore Market, Inc., was incorporated and organized and came into the Big Chief Market late in the day on said March 16 to operate the meat department of that market, whereupon Packers Outlet Co., Inc., ceased doing business. Thereafter this department was conducted by Sagamore Market, Inc.

The evidence does not show a consolidation or merger of the corporations involved, in the sense those terms are generally employed in the law. *Vicksburg & Yazoo City Tel. Co.* v. *Citizens' Tel. Co.*, 79 Miss. 341. The plaintiff, however, contends that the evidence reveals that the second corporation, Sagamore Market, Inc., succeeded to the

business and assets of the first corporation, Packers Outlet Co., Inc., under such circumstances that in effect the second corporation was merely a continuation of the first corporation under another name, and that therefore the Sagamore Market, Inc., became liable for the plaintiff's bill.

On this issue, the following pertinent facts appear from the testimony. Shortly before the incorporation of the Sagamore Market, Inc., the lease of the meat department from the Big Chief Market to Packers Outlet Co., Inc., was given by the latter to one Petrocelli, who had previously advanced money to Packers Outlet Co., Inc., and who became president of Sagamore Market, Inc., on its incorporation. This lease, however, was not transferred to the new corporation, but was surrendered, apparently owing to the fact that the Big Chief Market had acquired the title to the fixtures which had been used by Packers Outlet Co., Inc., and which had been taken from it by the conditional vendor of such fixtures, because of default in payment of instalments by Packers Outlet Co., Inc., and then transferred by the conditional vendor to the Big Chief Market. The new lease ran directly to Sagamore Market, Inc., from the Big Chief Market and contained a provision allowing the former to use the fixtures in question.

Mr. Giardino, treasurer of Packers Outlet Co., Inc., testified in substance that there was an arrangement between himself for that corporation and Mr. Fried, later treasurer of Sagamore Market, Inc., that Fried and Cohen ship meat "to us" at a certain price, stating that by "us" he meant "The Sagamore Market, Mr. Petrocelli." Then, in answer to a question as to what interest the witness had in Sagamore Market, Inc., he stated: "I had an indirect interest through Mr. Petrocelli. At the time this change took place the Packers didn't have enough funds to continue turning around, and Mr. Petrocelli, who had formerly loaned the Packers a sum of money, was given the lease, as there was nothing left for the Packers to do. So

Mr. Petrocelli through the lease was to divide the profits with Packers so that Packers could pay their creditors."

Further, evidence introduced by the plaintiff tends to show that fifty dollars was taken from the cash box of Packers Outlet Co., Inc., to pay for the incorporation of Sagamore Market, Inc., this act being carried out by an attorney who was an officer of the former corporation.

When Sagamore Market, Inc., entered the Big Chief Market, the operation of the meat department was continued without any break or cessation of business from the point where Packers Outlet Co., Inc., left off. According to a witness for the plaintiff, Sagamore Market, Inc., made use of the materials on hand such as bags, paper, twine, and scales, and whatever meats were there, the amount being disputed, all of which belonged to Packers Outlet Co., Inc. Witnesses for Sagamore Market, Inc., denied that this was done. That corporation, however, then and there took over all the employees of Packers Outlet Co., Inc., and they were paid their wages up to March 15th on the 17th by the officers of Sagamore Market, Inc., and later for the remainder of their services. The balance of money on hand on March 16, belonging to Packers Outlet Co., Inc., was turned over by its manager at the direction of its officers to the treasurer of Sagamore Market, Inc., and to the attorney representing that corporation.

It is well settled that ordinarily a corporation, if there is no actual consolidation or merger, may succeed to the property and business of another corporation, by purchase or otherwise, without becoming liable for the latter's debts and obligations in the absence of fraud, contract or statute to the contrary. However, "Where a new corporation is merely a continuation or a reorganization of another, and the business or property of the old corporation has practically been absorbed by the new, the latter is responsible for the debts or liabilities of the former." Ann. Cas. 1916D, note page 659. The law is stated in 8 Thompson

on Corporations, (3d ed.) § 6053, as follows: "In other words, in the absence of an agreement to that effect, a new corporation organized to succeed an old one will not be liable for the debts of the old corporation, unless the new corporation is merely a continuation of the old one or the new corporation has expressly or impliedly assumed the debts of the old corporation." See also § 6052.

In *The Spadra-Clarksville Coal Co.* v. *Nicholson,* 93 Kan. 638, the court found that the evidence conclusively showed that there was in fact no purchase by the second corporation of the assets of the first, but simply a change in the capacity in which the business was conducted. See also *Douglas Printing Co.* v. *Over,* 69 Neb. 320; *American Railway Express Co.* v. *Kentucky,* 190 Ky. 636; *Meeks* v. *Arkansas Light & Power Co.,* 147 Ark. 232; *Spring Creek Oil Corp.* v. *Dillman,* 90 Okl. 129; 10 Cyc. 287; 14 (A) C. J. 1038; 15 A. L. R., Ann. 1114, note. Whether or not a given transaction amounts to a continuation of an old corporation by means of a new one must be determined by the court in any case after a consideration of the facts and circumstances therein.

Viewing all the facts and circumstances disclosed by the evidence in the case at bar, and applying to them the principles of law above set out, we are of the opinion that such facts support the finding that the Sagamore Market, Inc., in effect, absorbed the business and property of Packers Outlet Co., Inc., and was merely a continuation of the last-named corporation. Under such a situation, the plaintiff may recover its claim in an action at law against Sagamore Market, Inc. 14 (A) C. J. 1052; 8 Thompson on Corporations, *supra,* § 6074.

Although it does not appear clearly who held the stock in the two defendant corporations, and while their officers and incorporators were not the same, it is fairly inferable from the testimony that all had an interest in the transaction by which Sagamore Market, Inc., came into existence. Obviously the connection between the two corpora-

tions was close and there was a community of interest in the new arrangement. Although Sagamore Market, Inc., received and used for its own benefit such assets as Packers Outlet Co., Inc., had, yet the parties apparently intentionally avoided making a sale of such assets from the latter to the former in order to avoid the provisions of the Sales in Bulk Act, (G. L. 1923, Chap. 311), relating to the giving of notice to the creditors of the vendor corporation. This situation, together with the fact that Sagamore Market, Inc., paid nothing to Packers Outlet Co., Inc., tends to support the plaintiff's position that this was not a transaction between two separate and distinct corporations, but Sagamore Market, Inc., was merely a continuation or reorganization of Packers Outlet Co., Inc. This contention is also strengthened by the handling of matters after Sagamore Market, Inc., went into the Big Chief Market to operate the meat department. Plainly, the object of the incorporation of Sagamore Market, Inc., was to continue the same business as that conducted by Packers Outlet Co., Inc., in the Big Chief Market, but under another name and with the addition of two new persons of financial responsibility, Fried and Cohen, who were wholesale dealers and furnished all the meats to Sagamore Market, Inc., and who protected themselves by shipping only on consignment and by holding a recorded mortgage which provided that they should be paid first for all meats sold.

In our judgment, on the facts disclosed by the evidence in the instant case, the decision of the trial justice for the plaintiff against Sagamore Market, Inc., was not clearly erroneous and, therefore, under our well established rule, it will not be disturbed by us.

The defendant's exceptions to the rulings of the trial justice admitting certain evidence offered by the plaintiff have been considered and found to be without merit and are overruled. It is not necessary to refer to each exception separately. Some of the evidence admitted over defendant's objection, while not relating directly to the

issues involved herein, was not prejudicial to the defendant's rights. Other evidence presented by the plaintiff, and the subject of several of defendant's exceptions, was clearly admissible as bearing on the question whether or not any connection existed between the two corporations and whether or not one could properly be considered a continuation of the other. The weight to be given such evidence was for the trial justice to determine. If any error was committed by him, in permitting part of a seemingly irresponsive answer to remain on the record, such error was harmless, as was his allowing a witness to answer concerning the officers of the two corporations,—such facts later being proved without objection through another witness.

All the exceptions of defendant Sagamore Market, Inc., are overruled, and the case is remitted to the Superior Court for the entry of judgment on the decision.

*Quinn, Kernan & Quinn, Michael De Ciantis,* for plaintiff.

*George H. Pickar, Edward Miller, Samuel Miller,* of Mass. Bar, for defendant.