240 A.2d 720.

MILL FACTORS CORPORATION *vs.* L. S. BUILDING SUPPLIES, INC. *et al.*

APRIL 17, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

676

ROBERTS, C. J. This is a civil action brought to recover money alleged due the plaintiff under the terms of a contract between Alrae Construction Co., Inc., hereinafter referred to as Alrae, and either or both of the defendants, L. S. Building Supplies, Inc., hereinafter referred to as L. S., and Lawrence Scroggins, hereinafter referred to as Scroggins. The motion of the defendant Scroggins for summary judgment was granted by a justice of the superior court, and the plaintiff is now prosecuting its appeal therefrom.

It appears that Alrae, while engaged in the construction of a school building in the city of Providence, entered into a subcontract with either or both of the defendants to furnish window sash for the building under construction. A copy of the contract is annexed to the complaint and dis-

closes that L. S. agreed to furnish window sash to Alrae. Said contract was signed "Lawrence Scroggins" as subcontractor without any language being used to designate that Scroggins was acting in some corporate capacity.

Thereafter L. S., without giving notice of any kind to Alrae, assigned the contract to Auto-Lok Window Corporation. Under the assignment L. S. was to retain the amount of $220 as commission, and Auto-Lok was to receive the balance of payment due, $2,059. Upon completing its obligation under the contract, Auto-Lok assigned its interest therein to plaintiff, Mill Factors Corporation. Alrae, being unaware of the assignments that had been so made, paid L. S. the amount of $1,996.27 but, after learning of the assignment, subsequently paid the balance of $282.73 to plaintiff. In this action plaintiff is seeking to recover the balance due on the contract from defendant L. S. or defendant Scroggins.

It further appears that plaintiff had attached a motor vehicle and real estate belonging to defendant Scroggins, and its motion to sell this property was assigned for hearing to April 10, 1967. At that time the court ordered a continuance to April 25 in order to allow counsel for defendant Scroggins to move for a summary judgment. On May 9 defendant's motion for summary judgment was heard and granted.

Summary judgment is authorized by rule 56 (c) of the rules of civil procedure when "* * * the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law." The de-

fendant filed an affidavit in support of his motion.[1] Assuming, without deciding, that based on that affidavit there was no genuine issue as to any material fact, the question before the court would be whether the defendant was entitled to judgment under rule 56 (c) as a matter of law.[2]

The second count of plaintiff's complaint alleges defendant's liability based on a theory of money had and received. This court has recognized that such a count is proper when one person has in his possession money which in equity and good conscience belongs to another. See *Wartell* v. *Novograd*, 48 R. I. 296, 299, 137 Atl. 776, 777, and cases cited therein. It is obvious that there is nothing contained in defendant's affidavit which deals with this second count and which would warrant a finding that defendant "* * * is entitled to judgment as matter of law." Thus, it was clearly error for the trial justice to grant summary judgment.

---

[1]"I, Lawrence Scroggins, of the City of Warwick, County of Kent, State of Rhode Island, the defendant in the above-entitled cause, being duly sworn, on oath depose and say as follows:

"A complaint, summons, and writ of attachment was served upon me on March 6, 1967. Said complaint had annexed thereto a copy of an agreement between Alrae Construction Co., Inc. and defendant L. S. Building Supplies, Inc. The sub-contractor, Auto-Lok Window Corp., assigned its accounts receivable to the plaintiff, Mill Factors Corporation. I do not owe any money personally to the plaintiff. This is purely a corporation debt. The plaintiff caused my automobile and my house to be attached. Said automobile and said house stand in my own name and is [sic] not the property of the defendant corporation. I deny that said contract was made and executed by me as an individual. I was acting for and in behalf of the defendant corporation and at no time and at no circumstances was I acting personally for myself. I feel that said attachment of my automobile and my house is wrongful and request to release of the attachment on both. The equity in my house is in access [sic] of Eight Thousand ($8,000.00) Dollars. I am competent to testify to the matters stated herein."

[2]While partial summary judgment is authorized under rule 56, the records indicate that such a judgment was neither requested nor granted; therefore, the question of whether partial judgment would have been appropriate is not before us.

It appears further that at the hearing plaintiff's request for time to commence discovery was denied by the trial justice. Whether this was error we do not now decide. It should be noted that under rule 56 (f) "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition * * *," the trial court has authority to order a continuance to permit affidavits to be taken or discovery to be had.

In the instant case the plaintiff failed to file the affidavits required by the rule. While the courts have been lenient with the party opposing summary judgment, even where he has not formally complied with rule 56 (f), nevertheless if he desires by discovery or other means to obtain opposing material which he does not then have, he should comply with rule 56 (f). 6 Moore, *Federal Practice,* ¶56.24, p. 2872 (2d ed. 1966).

However, summary judgment is a drastic remedy, and the courts have been liberal in exercising their discretion under rule 56 (f) and giving the party opposing the motion full opportunity to show any genuine issue which may exist, even where the party could have made that showing at the time the motion came on for hearing. This should not be construed to mean that the opposing party need never comply with the rules, or that he can wait until summary judgment is entered against him and then seek for the first time evidence sufficient to create a genuine issue. 3 Barron and Holtzoff, *Federal Practice and Procedure* (rules ed.), §1238, pp. 175-76.

The plaintiff's appeal is sustained, and the summary judgment appealed from is reversed.

*Allen M. Kirshenbaum, Sanford M. Kirshenbaum,* for plaintiff.

*Israel Moses,* for defendants.