[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This action comes before this court on the defendants' motion for summary judgment, in response to the plaintiffs' action for declaratory relief. The original action for declaratory relief by the plaintiffs, Stephen and Constance Healey, related to certain lots of land situated in the Town of Tiverton, County of Newport, State of Rhode Island and whether the plaintiffs retained a reversionary interest in said land by virtue of the following restriction:
 9. The time period required for erection of the approved building shall run from the date of the title passing from the grantor to grantee to not more than five calendar years. The breach of this express covenant shall result in a reversion of both equitable and legal title from the grantee to the grantor. A strike, flood, hurricane or Act of God, preventing the grantee from complying with this covenant will not be a breach of this covenant (Exhibit A).
The plaintiffs' claim that due to the defendants' alleged breach of this restriction, the interest in said lots reverted to them.
In the action before this court, the defendants sought a summary judgment, pursuant to R.C.P. 56, and attempted to show there was no genuine issue as to any material fact and that the defendant was entitled to judgment as a matter of law. It is generally accepted that because the nature of a summary judgment is such a drastic remedy, the courts have been liberal in exercising their discretion under this rule giving the party opposing the motion full opportunity to show any genuine issue that may exist. Mill Factors Corp. v. L.S. Building Supplies,Inc., 103 R.I. 675, 240 A.2d 720 (1968). It is established law in this state, upon the finding of an issue of fact, a trial justice may not resolve those issues upon a motion for summary judgment, but may only determine that such issues do exist.Doyle v. State, 122 R.I. 590, 411 A.2d 907 (1980).
A question was raised by the defendant regarding the instrument containing the restrictions. The defendants contend since page one of the instrument allowed a majority portion of landholders by a vote of at least 80% to modify or terminate the restrictions and 100% of the present landholders would be adversely affected by the aforementioned restriction, then "the clear intent of the entire 100% ownership of the lots was to disregard . . . and constructively terminate restriction #9." (Defendants' memorandum). That argument, however, requires the intent of the parties to be determined. This is an issue that can be resolved only by a trier of fact, not upon a motion for summary judgment.
The defendants also advance the proposition that the mortgage deed and subsequent foreclosure with regard to lot number four specifically preempts any reversionary rights of the plaintiff. The defendants argue that the plaintiffs mortgaged all rights related to the property including any reversionary rights. The defendants suggest in their memorandum that the court "look at the words of the parties . . . to determine the extent of the premises intended to be conveyed." The plaintiffs conversely offer that the specific language making the premises subject to the restrictions is controlling over the provisions of the pre-printed mortgage document and was the "clear intention of the mortgagor." (Plaintiffs' memorandum.) That issue, raised by both the defendant and the plaintiff, is one that requires resolution by a trier of fact in construing the intent of the parties with respect to the provisions in the mortgage deed.
It is the opinion of this court that the other arguments raised by the moving party are without merit. In that issues of material fact do exist, the motion for summary judgment is denied.[1]
[1] Defendant Clemens argues lot number 6 (six) is a right of way and was specifically intended by the plaintiffs not to be considered a lot for the purpose of building and therefore would not be subject to the building requirement of restriction number 9 (nine). That contention in the court's opinion was not fully addressed in the briefs or through oral argument. Accordingly, said denial of summary judgment is without prejudice to renewing a motion on such basis.