332 P.2d 989

LaMar H. CARLSON and Betty M. Carlson, his wife, Plaintiffs and Respondents,

v.

W. L. HAMILTON and Estella Hamilton, his wife, Defendants and Appellants.

No. 8634.

Supreme Court of Utah.

Dec. 19, 1958.

Paul J. Merrill, Spanish Fork, John S. McAllister, Mt. Pleasant, for appellants.

Richard C. Dibblee, Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a judgment for money paid by plaintiff buyers to defendant sellers under a real estate contract which the former breached. Reversed. Costs to defendants.

The subject of the contract was a farm with a home situate thereon. The sale price was $22,000, with $1,000 annual instalments, the purchasers to pay the taxes also. Such payments were met the first year, but plaintiffs failed to make payments the second year, notifying defendants that they would be unable to carry out the terms of the contract. Defendants advised plaintiffs that if they would pay the taxes and the interest the payment of the $1,000 principal would be forgotten for the time being. Even so, plaintiffs again indicated to defendants that they would not meet the commitments made under the contract. Under the circumstances defendants resumed possession of the property which at the time was not occupied by plaintiffs or anyone else.

Defendants did not sue for specific performance or for the arrearages resulting by plaintiffs' default, as defendants well may have done. Instead, they chose to take back the property and retain the amounts paid as liquidated damages, which the contract clearly provided they could do.

Plaintiffs brought suit to recover everything they had paid under the contract before default, being the sum of $6,680. The evidence indicated that considerable dam-

age had been done to the house and property during the two years plaintiffs occupied them. The trial court made findings as to the amount of damage done and added it to a reasonable two-year rental value, concluding the plaintiffs had paid $2,119.94 more on the contract than defendants actually had been damaged. Plaintiffs were awarded judgment for that amount, apparently under the theory that in Perkins v. Spencer [1] we determined that a defaulting buyer could require the return of all sums paid in over and above actual damage caused the seller.

Perkins v. Spencer is no authority for such doctrine. The spirit of that case calls for adhesion to a principle that equity historically has indulged,—that it abhors unconscionability shocking to such degree that the function of equity would be misconceived and misapplied by the enforcement of such unconscionability, even though it may have been the subject of contract.

Such unconscionability is obvious in the Perkins case, where, after a breach committed only four months after execution of the contract, an exaction of over 27% of the entire purchase price was attempted,— $2,725 where the price was $10,000, and where the seller demanded the entire balance of the price before conveying the property. In the instant case, the amount of damage that the contract said could be considered as liquidated damages was $2,119.94. Occupancy had been enjoyed a full two years. The bona fides of the sellers generously was demonstrated by a volunteered waiver of the principal for the time being if the buyers would but pay the taxes and interest. The amount of damages here was but 9½% of the purchase price, an amount that would exceed but little the real estate commission that would have to be paid on resale of the property that defendants took back without fault on their part, from those who caused all the difficulty by breaking the contract.

The two cases are poles part, the one obviously being punctuated by unconscionability, the other appearing to call only for the exaction of a reasonably small percentage of the price for a breach that would cause delay for repairs, time lapse for re-sale, and possibly other items of damage susceptible of little but conjectural measurement.

People should be entitled to contract on their own terms without the indulgence of paternalism by courts in the alleviation of one side or another from the effects of a bad bargain.[2] Also, they

1. 121 Utah 468, 243 P.2d 446.
2. Cole v. Parker, 1956, 5 Utah 2d 263, 300 P.2d 623, 626, where it was said by Mr. Chief Justice McDonough, speaking for the court that "In the absence of

fraud or imposition, the parties are bound by the price or measure of value they have agreed on, and such price must be paid notwithstanding it may be excessive. The courts cannot supervise deci-

should be permitted to enter into contracts that actually may be unreasonable or which may lead to hardship on one side.[3] It is only where it turns out that one side or the other is to be penalized by the enforcement of the terms of a contract so unconscionable that no decent, fairminded person would view the ensuing result without being possessed of a profound sense of injustice, that equity will deny the use of its good offices in the enforcement of such unconscionability. We think no such case is presented here.

In Peck v. Judd[4] Mr. Justice Worthen poignantly expressed the thought when he said that "It is not our prerogative to step in and renegotiate the contract of the parties * * * There is no reason why we should consider the vendee privileged * * * unless the conditions * * * are unconscionable * * * and * * * we should recognize and honor the right of persons to contract freely and to make real and genuine mistakes when the dealings are at arms' length." He pointed out also that buyers ofttimes reap a handsome harvest by the appreciation of real estate values, but that equity will not interfere to require the buyer to share such increment with the seller. "Courts of equity," he said, "should not interfere except when sharp practice or most unconscionable result is to be prevented."

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.

sions made in the business world and grant relief when the bargain proves improvident."

3. Ephraim Theatre v. Hawk, 1958, 7 Utah 2d 163, 321 P.2d 221.
4. 1958, 7 Utah 2d 420, 326 P.2d 712, 717.