Thomas W. BIESINGER and Jean C. Biesinger, Plaintiffs and Respondents,

v.

Joseph BEHUNIN and Joan Behunin, his wife, Defendants and Appellants.

No. 15452.

Supreme Court of Utah.

Aug. 11, 1978.

Wendell P. Ables, Salt Lake City, for defendants and appellants.

J. Quentin Cannon, Salt Lake City, for plaintiffs and respondents.

HALL, Justice:

Defendants appeal from a judgment forfeiting payments totaling $30,000 made toward the purchase of a dwelling and also forfeiting the sum of $1,032 expended as improvements thereon. Plaintiffs cross-appeal seeking an award of actual damages for breach of contract in excess of the sum forfeited. Affirmed. No costs awarded.

The agreement of the parties is set forth in a document entitled "Earnest Money Receipt and Offer to Purchase" and by the terms thereof the defendants agreed to pay $90,000 for the dwelling, payable $10,000 down, and the balance of $80,000 to be paid July 10, 1975. The contract also contained provisions for forfeiture of payments made as liquidated damages in the event defendants failed to complete the purchase and for the payment of attorneys' fees by the defaulting party.

The defendants failed to pay the $80,000 due on July 10, 1975, but did pay $5,000, promising the remainder in a few days. Shortly thereafter, they gave plaintiffs a check for $75,313.50 which included $313.50 designated as interest and pro-rated taxes. The check failed to clear the bank. Subsequently, in October, 1975, defendants paid an additional $5,000.

The parties entered into a supplemental agreement on January 14, 1976, whereby $10,000 was to be paid on March 26, 1976, and the then remaining balance of $60,000 was to be paid on September 26, 1976. The $10,000 was paid, but never anything more, except defendants did expend the sum of $1,032 for landscaping. Thereafter, plaintiffs served notices of default and forfeiture followed by a notice to vacate.

The evidence at trial on the issue of damages consisted of: (1) an oral agreement to pay interest on the unpaid balance of the contract at the rate of 11% per annum; (2) the accumulation of real property taxes in the amount of $1,422.77 during defendants' possession of the property;[1] (3) the fair rental value of the premises (determined by plaintiffs' expert to be $925 per month and by defendants' expert to be $600 per month); and (4) attorneys' fees in the amount of $3,520 incurred by plaintiffs.

Judgment was entered on September 19, 1977, and defendants surrendered the property to plaintiffs on September 29, 1977. The judgment provided, *inter alia* :

That defendants breached said contract and agreement and said supplemental agreements.

That by reason of said breach plaintiffs are entitled to forfeiture under said agreements and are relieved of their obligation to sell and convey said properties and plaintiffs are entitled to a writ of restitution granting to plaintiffs said properties, and are entitled to retain the money which has been paid to plaintiffs by defendants.

That defendants have paid $30,000.00 on said premises and have improved said premises in the sum of $1,032.00.

That plaintiffs are entitled to a fair rental value of said premises in the sum of $700.00 per month for the period of twenty-seven months, namely $18,900.00 *and interest at the rate of ten percent per annum on the unpaid balance of $60,-000.00 for the period of twenty-seven months*, which interest has been paid by plaintiff on said sum during said twenty-seven months, constituting $13,500.00 and a total credit of $32,400.00.

That plaintiffs are not entitled to attorney's fees. [Emphasis added.]

Defendants' sole point on appeal is that the trial court erred in enforcing the liquidated damages provision of the contract based on the false premise that rent and interest are separate items of damage. Plaintiffs counter, not by denying that rent and interest are one and the same, but by asserting that the court failed to consider all items of actual damages proven, and they maintain that they are entitled thereto

---

1. Items (1) and (2) are substantiated by the fact that defendants' check in the amount of $75,-313.50 includes interest at 11% and the pro-rated share of real property taxes.

in addition to the sum allowed as liquidated damages.

■ The resolution of this controversy requires the application of two basic principles of contract law. Persons dealing at arm's length are entitled to contract on their own terms without the intervention of the courts for the purpose of relieving one side or the other from the effects of a bad bargain.[2] On the other hand, when the enforcement of a forfeiture provision in a contract would result in an unconscionable and exorbitant recovery, bearing no reasonable relationship to actual damages suffered, the provision is unenforceable.[3]

There is nothing in the record to indicate that the parties were dealing at other than arm's length, nor did one in any way attempt to take unfair advantage of the other. In this regard it is to be noted that the terms of sale in effect constituted a cash transaction. Consequently, defendants' breach was almost immediate, yet plaintiffs entered into time extension agreements with defendants and permitted them to occupy the premises until the trial was completed (some 27 months).

■ Turning now to defendants' contention that the trial judge erred in treating rent and interest as separate items of damage, we concede that he was mistaken in that conclusion. In reality, those two items of damage are one and the same and therefore cannot both be included in the measure of damages. Fair rental value necessarily represents a reasonable return (interest) on investment.

■ However erroneous it was to combine rent and interest as actual damages, it was not harmful or prejudicial error. In this regard it is to be noted that the trial judge specifically denied an award of attorneys' fees as an item of damage.[4] This would only have been appropriate had he found in favor of plaintiffs on their claim for unlawful detainer. Attorneys' fees are not recoverable in such actions, the only relief afforded thereby being that of restitution of the premises and damages for rent.[5] However, attorneys' fees are recoverable when provided for by statute or contract as was the case here.[6] There is substantial evidence in the record to support an award of attorneys' fees to plaintiff in the amount of $3,520. A sworn statement signed by plaintiffs' attorney was admitted into evidence along with direct testimony which clearly set forth the number of hours spent on the case and the attorney's hourly rate. This evidence remained uncontested by defendants and the judgment could properly have included these attorneys' fees as explained above.[7]

Adding these attorneys' fees to the rent figure of $18,900 we see that plaintiffs' actual damages are within $8,612 of that amount agreed upon by the parties as liquidated damages in the event of breach. We do not deem that amount to be unreasonable, unconscionable, nor in the nature of a penalty, particularly in view of the fact that it represents only 9½% of the purchase price of $90,000.00.[8] Consequently, we decline to alter the terms of the contract.

■ In regard to plaintiffs' other contentions that they are entitled to a further award as and for actual damages, we deem the same to be without merit. They are simply not supported by the record. Cer-

2. *Carlson v. Hamilton*, 8 Utah 2d 272, 332 P.2d 989 (1958), citing *Cole v. Parker*, 5 Utah 2d 263, 300 P.2d 623 (1956).

3. *Bramwell Inv. Co. v. Uggla*, 81 Utah 85, 16 P.2d 913 (1932).

4. Apparently this was because he had no intention of awarding damages in excess of those agreed upon as liquidated damages.

5. *Forrester v. Cook*, 77 Utah 137, 292 P. 206 (1930).

6. *Stubbs v. Hemmert*, Utah, 567 P.2d 168 (1977).

7. This is not to suggest that this Court will award attorneys' fees in the usual case, but under the facts presently before us, the lower court erred in ignoring attorneys' fees as an element of damage.

8. See *Carlson v. Hamilton*, supra footnote 2, reaching a similar result when the same percentage was involved.

tain alleged items of damage consisting of damage to the premises, re-selling expense and cost of title insurance are raised for the first time on appeal, and for that reason cannot now be considered.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.