**Blaine DALTON, dba C & D Construction Company, Plaintiff and Appellant,**

v.

**JERICO CONSTRUCTION COMPANY, A Utah Corporation, and S. A. Healy Company, An Ohio Corporation, Defendants and Respondents.**

No. 17401.

Supreme Court of Utah.

March 3, 1982.

Lorin N. Pace, Salt Lake City, for plaintiff and appellant.

Elliott Lee Pratt, Salt Lake City, for defendants and respondents.

STEWART, Justice:

This is an appeal from a judgment denying plaintiff Blaine Dalton, dba C & D

Construction Co., delay damages alleged to have been incurred in the performance of a construction contract. Dalton contracted with Jerico to complete work Jerico had contracted to perform under a contract with defendant S. A. Healy Co., a general contractor. The trial court held that Dalton had no right to delay damages which Jerico received from the United States Government, the party which had caused the delay. Dalton contends that the trial court erred in its construction of its subcontract with Jerico and alternatively that relief should have been granted on the basis of an oral contract or on equitable principles.

S. A. Healy Co. entered into a contract with the United States to construct a portion of the Strawberry Acqueduct in Wasatch County, Utah. Healy's work consisted primarily of the excavation of the Transmountain Tunnels. Under a subcontract with Healy, Jerico was to construct two major syphons and related structures connecting the tunnels. Healy's work in the tunnels had to be completed before Jerico's work could proceed. Because of inadequate government funding, Healy's work was suspended between September 22, 1971, and February 28, 1972. Jerico's work had originally been scheduled to be performed during the late spring of 1971, early summer of 1972, and early fall of 1973. The delay extended the job into a four-year project, and forced defendants into an extra working season.

On April 18, 1974, Jerico entered into a contract with Dalton to complete the then remaining work under the original Jerico-Healy subcontract. Under the terms of the contract, plaintiff was to receive the same unit price established in the Healy-Jerico subcontract. The trial court found that plaintiff was paid in full for the work done under the Jerico subcontract. It also found:

In March of 1975, the Defendant Jerico submitted a claim to Healy for delay damages incurred by Jerico because of the 1971–72 delays. Healy also submitted a claim to the Government for its delay damages and included in its claim the claim of Defendant Jerico. Defendant Jerico's claim was approved by the Government in the amount of $27,318.00 and said amount was disbursed to the Defendant S. A. Healy Company for distribution to the Defendant Jerico.

On April 18, 1974, the Defendant Jerico, because of the delay, was unable to complete its subcontract and entered into a written agreement with the Plaintiff in which Plaintiff agreed to finish Defendant's subcontract work with Healy for an agreed price based upon the Healy-Jerico unit prices to be paid for all work performed thereafter. The Plaintiff completed said subcontract work for Jerico and was paid in full for all such work. Plaintiff was familiar with the amount of work to be performed and the prices to be paid, when Plaintiff undertook the remaining Jerico contract work and was not delayed in the performance thereof.

A plain reading of the contract and the record clearly support the conclusion that the terms of the Jerico-Dalton contract do not allow for Dalton's recovery of the money received by Jerico for delays which occurred in 1971 and 1972. Nor is there a basis for concluding that there was an oral agreement between the parties which would entitle Dalton to any part of the delay damages. Neither the written contract nor subsequent conversations between Jerico and Dalton resulted in an overall assignment to Dalton of any monies owed Jerico for prior delays. Indeed, Jerico continued to incur overhead during 1974, was unable to bid additional work because of his obligation to this project, supervised the work, and his office handled the payroll and correspondence. Jerico remained ultimately responsible to Healy for Dalton's work. In short, the trial court correctly found that Dalton had no contract right to participate in all or a part of Dalton's delay damages paid by the Government.

Nor is Dalton entitled to recover on a theory of unjust enrichment. At the time Jerico entered into the contract, it was contemplated that work would be completed by 1973. The delays were experienced in 1971 and 1972. At the time Jerico contracted with Dalton the delays for which the Government paid were a matter of history.

No delays were experienced during the period of Dalton's contract. On this set of facts equitable relief is not justified; the contract between the parties controls. Even if the terms of the contract entered into in 1971 between Healy and Jerico may not have been profitable to Dalton when they were incorporated into the Dalton-Jerico contract in 1973, it is not for a court to rewrite a contract improvidently entered into at arm's length or to change the bargain indirectly on the basis of supposed equitable principles. *Biesinger v. Behunin*, Utah, 584 P.2d 801 (1978); *Carlson v. Hamilton*, 8 Utah 2d 272, 332 P.2d 989 (1958).

Affirmed. Costs to respondents.

HALL, C. J., and HOWE, OAKS and DURHAM, JJ., concur.