**2015 UT App 140**

## THE UTAH COURT OF APPEALS

HILLCREST INVESTMENT COMPANY, LLC,
Plaintiff and Appellant,
*v.*
DEPARTMENT OF TRANSPORTATION,
Defendant and Appellee.

Opinion
No. 20140377-CA
Filed June 4, 2015

Second District Court, Farmington Department
The Honorable John R. Morris
No. 080700723

David L. Arrington, Joshua D. Chandler and Rebecca
G. Van Tassell, Attorneys for Appellant

Sean D. Reyes, Brent A. Burnett, and Randy S.
Hunter, Attorneys for Appellee

JUDGE JAMES Z. DAVIS authored this Opinion, in which JUDGES
GREGORY K. ORME and MICHELE M. CHRISTIANSEN concurred.

DAVIS, Judge:

¶1     Hillcrest Investment Company, LLC (Hillcrest) appeals
the district court's grant of summary judgment in favor of the
Utah Department of Transportation (UDOT). We affirm.

BACKGROUND

¶2     As part of the Legacy Parkway Project in Centerville,
Utah, UDOT negotiated a Right of Way Contract (the Contract)
to purchase three parcels of property held by several different
trusts (the Trusts). The Trusts' sole means of accessing their
remaining property was via a dirt road located on one of the

parcels UDOT intended to purchase. During the negotiations, the Trusts expressed this concern and UDOT represented that its plans included the construction of a frontage road on one particular parcel it sought from the Trusts, Parcel 173C. UDOT repeated this representation in several documents it supplied to the Trusts. The Trusts ultimately issued warranty deeds in accordance with the Contract. In the deeds, the Trusts reiterated the public purposes for which each parcel was conveyed, including that Parcel 173C was conveyed "for a frontage road incident to the construction of a freeway known as [the Legacy Parkway Project]."[1] Ultimately, the frontage road was removed from the final plans for the Legacy Parkway Project and never constructed. The Contract's terms describe UDOT's obligation as simply to pay the Trusts for the parcels, which the Contract identifies by referencing the warranty deeds. The Contract itself contained no reference to a frontage road.

¶3      Hillcrest, as successor-in-interest to the Trusts, brought suit alleging that UDOT breached the Contract with the Trusts in which it agreed to pay for and construct a frontage road on Parcel 173C. UDOT moved for summary judgment on the ground that Hillcrest lacked standing because it was not a party to the Contract. The district court granted UDOT's motion. Hillcrest appealed to this court. We reversed the district court's ruling in *Hillcrest Investment Co., LLC v. Utah Department of Transportation*, 2012 UT App 256, 287 P.3d 427. Specifically, we held that factual questions relating to Hillcrest's standing precluded summary judgment. *Id.* ¶ 1.

¶4      On remand, after further briefing and argument by the parties, the district court ruled that Hillcrest had standing to assert its claims under the Contract. UDOT subsequently filed a

---

1. UDOT received four separate warranty deeds for Parcel 173C, each conveying the fractional interest owned by the separate trusts.

renewed motion for summary judgment, arguing that the Contract is unambiguous and does not obligate UDOT to pay for or construct the frontage road. The district court agreed and granted summary judgment in favor of UDOT on all of Hillcrest's claims. Hillcrest appeals the ruling on two of its claims—breach of contract and unjust enrichment.

ISSUE AND STANDARD OF REVIEW

¶5     "Summary judgment is appropriate where (1) there is no genuine issue as to any material fact and (2) the moving party is entitled to a judgment as a matter of law." *Id.* ¶ 11 (citation and internal quotation marks omitted). "We review a district court's grant of summary judgment de novo, reciting all facts and fair inferences drawn from the record in the light most favorable to the nonmoving party." *Id.* (citation and internal quotation marks omitted).

ANALYSIS

I. Breach of Contract

¶6     Hillcrest challenges the district court's conclusion that the Contract is "clear and unambiguous" and that it "does not contain any obligation, executory or otherwise, requiring UDOT to pay for or construct a frontage road on Parcel 173C." Hillcrest asserts that the warranty deeds for Parcel 173C identify the purpose of that conveyance as "for a frontage road" and that because the deeds are incorporated by reference into the Contract, the Contract establishes UDOT's obligation to construct a frontage road on that parcel. Alternatively, Hillcrest argues that the Contract and warranty deeds are ambiguous, particularly in light of "the parties' undisputed intent at the time of contracting" that UDOT would "build a frontage road to restore access" to the Trusts' remaining properties in exchange

for the Trusts' agreement to forgo "payment of severance damages."

¶7    "[C]ontractual ambiguity can occur in two different contexts: (1) facial ambiguity with regard to the language of the contract and (2) ambiguity with regard to the intent of the contracting parties." *Daines v. Vincent*, 2008 UT 51, ¶ 25, 190 P.3d 1269. "The first context presents a question of law to be determined by the judge," and the "second context presents a question of fact where, if the judge determines that the contract is facially ambiguous, parol evidence of the parties' intentions should be admitted." *Id.* (citation and internal quotation marks omitted). Accordingly, "the question of ambiguity begins with an analysis of facial ambiguity." *Id.*

¶8    "A contract provision is ambiguous if it is capable of more than one reasonable interpretation because of uncertain meanings of terms, missing terms, or other facial deficiencies." *Winegar v. Froerer Corp.*, 813 P.2d 104, 108 (Utah 1991) (citation and internal quotation marks omitted). "When determining whether a contract is ambiguous, any relevant evidence must be considered. Otherwise, the determination of ambiguity is inherently one-sided, namely, it is based solely on the extrinsic evidence of the judge's own linguistic education and experience." *Ward v. Intermountain Farmers Ass'n*, 907 P.2d 264, 268 (Utah 1995) (citation and internal quotation marks omitted). "Then, after the trial court has considered evidence of contrary interpretations, the [trial court] must ensure that the interpretations contended for are reasonably supported by the language of the contract." *Hall v. Hall*, 2013 UT App 280, ¶ 12, 316 P.3d 970 (alteration in original) (citations and internal quotation marks omitted); *see also Watkins v. Henry Day Ford*, 2013 UT 49, ¶ 28 n.2 ("The introduction of any relevant evidence does not . . . allow a litigant to create ambiguity out of whole cloth or to advocate for an interpretation that is in no way supported by the language of the underlying contract." (emphasis, citation, and internal quotation marks omitted)). "If

after considering such evidence the court determines that the interpretations contended for are reasonably supported by the language of the contract, then extrinsic evidence is admissible to clarify the ambiguous terms." *Ward*, 907 P.2d at 268.

¶9    We must first consider Hillcrest's relevant extrinsic evidence to determine whether the Contract is ambiguous. Hillcrest submitted several pieces of correspondence and documents exchanged between the Trusts and UDOT during their negotiations that indicate the parties' shared intent that UDOT would construct a frontage road on Parcel 173C and that the purchase price would reflect that obligation. Likewise, the district court acknowledged that initially the parties intended that Parcel 173C would be used for a frontage road.

¶10    Next, Hillcrest identifies the phrase "for a frontage road" appearing in the warranty deeds for Parcel 173C as reflecting this intent. Hillcrest asserts that the deeds are incorporated by reference in the Contract and, accordingly, that the Contract can reasonably be interpreted to require UDOT to build a frontage road.

¶11    The district court considered the Contract's reference to the deeds to serve the limited purpose of providing the legal description of the land UDOT purchased. Additionally, the district court interpreted Hillcrest's evidence "regarding the circumstances surrounding the [Contract]" as "merely reflect[ing] that the parties had discussions relating to the construction of a frontage road and even intended that Parcel 173C be used for that construction" but concluded that the evidence of the parties' intent was outweighed by the absence of supporting language in the final, integrated Contract.[2]

---

2. The district court also indicated that the parties knew at the time of contracting "that the Legacy Parkway Project's plans

(continued…)

¶12    The entire reference to Parcel 173C in the Contract is as follows: "[T]he Utah Department of Transportation shall comply with the following: . . . (A) Pay Cash in full to the grantor(s) for the following: . . . Land as described in Warranty Deed No. 0067:173:C." While "[p]arties may incorporate by reference into their contract the terms of some other document," *Consolidated Realty Group v. Sizzling Platter, Inc.*, 930 P.2d 268, 273 (Utah Ct. App. 1996) (citation and internal quotation marks omitted), "if a written contract refers to another writing for a particularly designated purpose, the other writing becomes a part of the contract only for the purpose specified," 17A C.J.S. *Contracts* § 402 (Westlaw database updated Mar. 2015); *accord Housing Auth. v. Snyder*, 2002 UT 28, ¶ 19, 44 P.3d 724 (requiring "specific language" in order to incorporate the terms of another document); *see also Consolidated Realty*, 930 P.2d at 273 (explaining that to properly incorporate the terms of another document "into the document executed by the parties, the reference must be clear and unequivocal, and must be called to the attention of the other party, [the party] must consent thereto, and the terms of the incorporated document must be known or easily available to the contracting parties" (alteration in original) (citation and internal quotation marks omitted)).

¶13    The Contract's reference to the warranty deeds is, by its very terms, limited to identifying the parcels of land that UDOT agreed to purchase from the Trusts. There is no specific language incorporating into the Contract any terms from the warranty deeds that would add to UDOT's obligations under the Contract,

---

(…continued)
were not finalized and [were] subject to change." Hillcrest asserts that this is a disputed issue of fact and that there is no evidence in the record to support this assertion. Because this argument does not affect our analysis on appeal, we do not address it.

such as the "for a frontage road" language relied on by Hillcrest. Moreover, there is language to the contrary in the Contract, indicating that "[n]o work, improvement, alteration or maintenance will be done or made other than or in addition to that provided in this agreement." The Contract's integration clause also provides,

> The parties have here set out the whole of their agreement. The performance of this agreement constitutes the entire consideration for the grant of said tract of land and shall relieve [UDOT] of all further obligations or claims on that account, or on account of the location, grade and construction of the proposed highway.

We agree with the district court's assertion that the warranty deeds are referenced in the Contract for the limited purpose of identifying the parcels of land UDOT agreed to purchase.

¶14 Without the language in the warranty deeds for Parcel 173C, there is nothing in the Contract alluding to a frontage road, let alone an obligation on UDOT to pay for and construct a frontage road. Thus, we agree with the district court's ruling that "the language of the [Contract] and Warranty Deeds cannot reasonably support a construction that obligates UDOT to pay for or construct a frontage road on Parcel 173C as part of its agreement with the [Trusts]." Accordingly, the Contract is not ambiguous and the extrinsic evidence of the parties' intent offered by Hillcrest cannot vary the terms of the unambiguous agreement. *See Daines v. Vincent*, 2008 UT 51, ¶ 37, 190 P.3d 1269 ("[W]e do not need to resort to the admission of parol evidence on the question of intent, because absent a finding of facial ambiguity, the parties' intentions must be determined solely from the language of the contract." (citation and internal quotation marks omitted)).

## II. Unjust Enrichment

¶15    Hillcrest asserts that UDOT was unjustly enriched by the reduced purchase price that the Trusts agreed to based on UDOT's representation that it would pay for and construct a frontage road on Parcel 173C. Hillcrest argues that in ruling on its unjust enrichment claim, the district court "overlook[ed] undisputed evidence establishing all the required elements" of the claim, "construed the [C]ontract inconsistent with the court's conclusion regarding Hillcrest's contract-based claims," and "disregarded authorities that allow Hillcrest to seek redress for UDOT's separate representations and actions in equity notwithstanding the Contract."

¶16    To succeed on a claim for unjust enrichment, a party must show that a benefit has been "conferred by one [party] on another," "the conferee must appreciate or have knowledge of the benefit," and "there must be acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value." *Allen v. Hall*, 2006 UT 70, ¶ 26, 148 P.3d 939. In addition, "a prerequisite for recovery on an unjust enrichment theory is the absence of an enforceable contract governing the rights and obligations of the parties relating to the conduct at issue" because "[i]f there were a contract, it, rather than the law of restitution, would govern the parties' rights and determine their recovery." *Ashby v. Ashby*, 2010 UT 7, ¶ 14, 227 P.3d 246 ("Recovery under [unjust enrichment] presupposes that no enforceable written or oral contract exists." (alteration in original) (citation and internal quotation marks omitted)). "Our case law, however, supports the proposition that even where there is an express contract, an equitable claim may be viable, under specific factual circumstances, if the equitable claim is based on a separate representation or misleading act arising independently of the express contract." *E & M Sales W., Inc. v. Diversified Metal Prods., Inc.*, 2009 UT App 299, ¶ 8, 221 P.3d 838.

¶17    The district court ruled that because the Contract indisputably relates to UDOT's purchase of the property from the Trusts, Hillcrest cannot recover "under an equitable theory of unjust enrichment." In addition, the district court concluded that UDOT did not receive a benefit under the Contract for which it did not provide just compensation. The court considered Hillcrest's unjust enrichment argument to amount to a request that the court "'make a better contract for the parties than they have made for themselves,'" which the court explicitly declined to do. (Quoting *Ted R. Brown & Assocs. v. Carnes Corp.*, 753 P.2d 964, 970 (Utah Ct. App. 1988).)

¶18    Hillcrest asserts that the Contract does not preclude its unjust enrichment claim and that the district court's conclusion is contradictory to the court's rejection of Hillcrest's breach of contract claim. Hillcrest argues that "[i]f the court's first holding were correct (that the [C]ontract does not involve a frontage road), then Hillcrest's claim for unjust enrichment would not be precluded because Hillcrest would not be entitled to relief under the [C]ontract." According to Hillcrest, whether UDOT is required by the Contract to build the road is distinct from whether "UDOT's separate, repeated representations and misleading acts" "regarding the frontage road [that] induce[d] a settlement with the [T]rusts" based on UDOT's promise of a road in exchange for the Trusts waiver of severance damages supported an unjust enrichment claim.

¶19    We disagree. Hillcrest's unjust enrichment claim revolves around whether the Contract represents a fair bargain.[3] Although Hillcrest has presented evidence suggesting that the parties' intent at the time of contracting was not adequately reflected in the terms of the final Contract, we agree with the district court that this does not amount to unjust enrichment.

---

3. Hillcrest has not appealed the district court's dismissal of its fraudulent inducement and negligent misrepresentation claims.

That the Contract was perhaps poorly drafted is not actionable under the theories argued, particularly where all parties were represented by counsel and the signed Contract was a product of extensive negotiations. Hillcrest's objections to the fairness of the bargain struck cannot be remedied at this stage of the proceedings. As the district court observed, "'[a] court may not make a better contract for the parties than they have made for themselves.'" (Quoting *Ted R. Brown*, 753 P.2d at 970); *see also Dalton v. Jerico Constr. Co.*, 642 P.2d 748, 750 (Utah 1982) ("[I]t is not for a court to rewrite a contract improvidently entered into at arm's length or to change the bargain indirectly on the basis of supposed equitable principles.").

## CONCLUSION

¶20    The district court's ruling granting summary judgment in favor of UDOT on Hillcrest's breach of contract and unjust enrichment claims was not erroneous. We affirm the district court's ruling.

———————